GEORGE FOGG & others *vs.* SUPREME LODGE OF THE
UNITED ORDER OF THE GOLDEN LION & others.

Suffolk.    March 23, 1892. — May 20, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Endowment Order — Rights of Certificate Holder — Statute — Trust
— Injunction.*

A corporation incorporated "for the purpose of doing an insurance business, as
provided in chapter four hundred and twenty-nine of the acts of the year
eighteen hundred and eighty-eight," is not within the authority of § 8 of that
statute, if it employs paid agents in procuring business other than in the pre-
liminary organization of local branches, and the certificate holders may refuse
to pay further assessments under their certificates without incurring a forfeiture,
and come into equity for distribution of the fund, which is a trust, especially
where all proper efforts to obtain relief in the order have been made and have
failed.

HOLMES, J.    This is a bill brought by certain certificate
holders of the defendant corporation, seeking for an injunction
and a receiver.

The defendant is a Massachusetts corporation, incorporated
"for the purpose of doing an insurance business, as provided in
chapter four hundred and twenty-nine of the acts of the year
eighteen hundred and eighty-eight."    By § 8 of that statute,
as amended by the St. of 1890, c. 341, "Any corporation duly
organized as aforesaid, and which does not employ paid agents
in soliciting or procuring business, other than in the preliminary
organization of local branches, and which conducts its business
as a fraternal society on the lodge system," etc., may provide
for weekly payments to a member during disability, "or pay a
benefit to the member or his family at the end of such period
of time as shall be fixed by said by-laws, and written in the
benefit certificate issued to said member."    The words last
quoted authorize the issue of the species of certificate held by
the plaintiff, and the language quoted from the charter of the
defendant corporation does not limit its power more narrowly.
We read the words, "an insurance business, as provided," etc.,
as intended to express in a summary way the whole business
provided for in the act referred to, or at least so much of it as

to bring the defendant under the words "any corporation duly organized as aforesaid," in § 8.

The certificates issued to the plaintiffs purport to bind the defendant " to pay out of its Benefit and Reserved Funds a sum not exceeding One Hundred Dollars," upon condition that the said member (i. e. of Boston Lodge No. 1, United Order of the Golden Lion) " complies with all the laws, rules, and regulations now governing said subordinate lodge and its funds." The promise we read as a promise to pay as near to one hundred dollars as the corporation is able to pay from its reserved fund, or by assessment. The condition in an obscure way subjects the certificate holder to assessments of two dollars each, not limited in number, or frequency within a given time, except as the act limits them in § 8.

It is evident to any one of reasonable understanding and experience, that such a contract can be performed only by assessing the certificate holder for the full amount to be paid to him, and something more for the expenses of the business, unless the membership increases considerably between the time of making the contract and the time of payment, which of course can happen only for a short time, or unless the available reserve funds are increased by other holders forfeiting their certificates and the sums already paid in by them. In view of the narrow limitation set by § 8 of the statute, as amended by the St. of 1890, c. 341, upon assessments up to within three months of the maturity of certificates, it is plain that, when certificates are within three months of maturing, assessments must begin to fall thick and fast, and that the poor people to whom this business particularly is addressed in many cases will find themselves compelled to forfeit all that they have paid in by their inability to make further payments. It is not in our power to declare the business contrary to public policy, and a fraud on an unprotected part of the community, since the Legislature have authorized it, but it is well to understand with what kind of business we are dealing. No one who does understand it, we think, would hesitate to agree that all legislative conditions must be complied with strictly.

In the case at bar, it appears that assessments of at least ninety or ninety-five per cent of the sum to be received, and

probably of an amount equal to or more than the whole, will be necessary in order to enable the defendant to pay. It is found that many of the certificate holders are poor, and unable to understand the scheme of this business if they should try to. It appears, too, that the officers of the company assumed to be men of experience, and gave strong assurances to the public that within a year they would get $100 for payments estimated not to exceed $39, and that people who took the certificates were misled. For all practical purposes, we have no doubt that many of them were deceived as truly as if they had been misled by the most specific statement of fact. Still, we have not yet got far enough to warrant the issuing of an injunction, and winding up this branch of the defendant's business as a whole. Many certificate holders, we cannot doubt, perfectly understood that their only chance of a profitable investment was that others might prove less able than themselves to stand frequent assessments, and so might forfeit their policies. Moreover, those who were misled were misled only by collateral expressions of prophecy, while the defendant's promise in the contract was conditioned in express terms, as we have said. The advertisements stated with great confidence that members would receive one hundred dollars in one year; but when it came to the cost they only said, "It is estimated that there will be not over fifteen assessments the first year besides the cost of joining, which is five dollars, and the annual dues of four dollars." We cannot say wholesale, that all who dealt with this company were and were known to be so inferior in intelligence as to need more careful consideration than the parties to a contract usually are entitled to demand of each other, and that therefore statements which on ordinary principles would not warrant avoiding a contract do warrant it as between the defendant and all its certificate holders. If any one of them has special grounds of complaint, it will be time enough to deal with them when he brings a separate action.

It is desirable, in the present position of things, that this branch of the defendant corporation's business should be wound up, at least so far as to distribute the fund on hand among the present certificate holders, without carrying out to its extremity the *bellum omnium contra omnes* by further assessments and

further forfeitures. One of the weaknesses of the system is, that the moment such a corporation ceases to gain, as sooner or later it must, it begins to lose. The present certificate holders cannot hope to be helped at the expense of future ones, because now it no longer is to be expected that others will join the concern, so that the only alternative is to allow the game to be played out to the end, or to divide the funds. These considerations of themselves would not warrant our interference, but we think the circumstances of the case are enough to do so. The business, although not necessarily and under all circumstances unlawful, is not allowed to companies employing paid agents in soliciting or procuring business other than in the preliminary organization of local branches. It is found that this company employed such agents, and therefore is not within the authority given by the act. At the same time, the fact was one peculiarly within the defendant corporation's knowledge, and the plaintiffs are not *in pari delicto*. *Monument National Bank* v. *Globe Works*, 101 Mass. 57, 58. *Bissell* v. *Michigan Southern & Northern Indiana Railroad*, 22 N. Y. 258, 273, 289, 290. *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543, 578. *Norwich* v. *Norfolk Railway*, 4 El. & Bl. 397, 443. *Madison & Indianapolis Railroad* v. *Norwich Saving Society*, 24 Ind. 457, 462. *Auerbach* v. *Le Sueur Mill Co.* 28 Minn. 291, 296. *Gelpcke* v. *Dubuque*, 1 Wall. 175, 203. *Supervisors* v. *Schenck*, 5 Wall. 772, 784. See *Slater Woollen Co.* v. *Lamb*, 143 Mass. 420 ; *Spring Co.* v. *Knowlton*, 103 U. S. 49. Unlike most cases, the consideration furnished by the plaintiffs is in the main a fund which the defendant corporation was to keep identified, and hold in trust for distribution among the policy holders when the time came. The fund is expressly called a trust by the statute. § 8. It seems to us, therefore, that the plaintiffs are entitled to stop where they are, and to refuse to pay further assessments under their certificates without incurring a forfeiture, and to come into equity for distribution of the fund which they have created. It is found, if that be material in such a case as this, that all proper efforts to obtain relief in the order have been made, and have failed. *Dunphy* v. *Traveller Newspaper Association*, 146 Mass. 495. See *Stamm* v. *Northwestern Mutual Benefit Association*, 65 Mich. 317 ; *Peltz* v. *Order of Financial Union*, 19 Atl. Rep. 668.

We need not consider whether the facts found warrant our saying that the business has been conducted in such a way as to put an end to whatever security there might have been in it, or whether that fact, if found, would warrant the interference of the court, — bearing in mind that the defendant is not a partnership, but a corporation, and therefore not necessarily within the principles of some of the cases cited at the argument. *Pearce* v. *Piper*, 17 Ves. 1, 15. *Beaumont* v. *Meredith*, 3 V. & B. 180, 181. *Reeve* v. *Parkins*, 2 Jac. & W. 390. *Ellison* v. *Bignold*, 2 Jac. & W. 503, 511. *Gorman* v. *Russell*, 14 Cal. 531, 537.

The decree appointing a receiver, and ordering a distribution of the funds now held by the defendant corporation in the endowment benefit business, is affirmed.          *Decree affirmed.*

*H. N. Shepard*, for the defendants.

*G. W. Anderson*, for the plaintiffs.

