EDWARD H. PALMER, administrator, *vs.* NORTHERN MUTUAL
RELIEF ASSOCIATION & trustee.

Suffolk.   November 20, 21, 1899. — March 2, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Mutual Benefit Association — Judgment founded on Death Benefit Certificate —*
*Trustee Process.*

The fund of a mutual benefit association set aside for the payment of death bene-
fits, and paid in by members for that express purpose, cannot be trusteed in an
action against the association to enforce a judgment founded on a death benefit
certificate.

TRUSTEE PROCESS.   The case was submitted to the Superior
Court on an agreed statement of facts.   The plaintiff moved
that the trustee be charged upon his answer in the sum of
$923.66.   The motion was denied and the trustee was dis-
charged; and the plaintiff appealed to this court.   The facts
appear in the opinion.

*A. P. French*, for the plaintiff.

*E. Lowe*, for the defendant.

LORING, J.   This is an action on a judgment for $3,019.03, in
which the plaintiff seeks to recover the balance due thereon with
interest, after crediting a payment received from the defendant
of $738.48.   The action was begun by trustee process, and the
Old Colony Trust Company, summoned as trustee, answered
that it had in its hands two sums, one amounting to $78.46, and
the other to $845.23 ; and it is agreed that " both said $78.46
and said $845.23 were, at the time of said trustee attachment, a
part of the funds of the defendant association set aside for the
payment of death benefits, and paid in by members for that
express use."

The death benefit fund of a beneficiary association organized
under Pub. Sts. c. 115, amended by Sts. 1877, c. 204, and 1880,
c. 196, is in its essential characteristics a trust fund, and it is
so designated by the Legislature.   St. 1877, c. 204, is the first
statute directly authorizing persons to associate themselves to-
gether to provide for the payment on their death of a pecu-

niary benefit to those dependent upon them. The death benefit to be paid on the decease of each member was not to be raised by an assessment levied at his death, but was to be paid out of a fund to be created by levying an assessment on all living members, and to be " held by such association until the death of a member occurs," when the amount due those claiming under the deceased member was to be paid forthwith. St. 1880, c. 196, limiting the amount of the death fund to be held by beneficiary associations to one assessment of general membership or the aggregate of one assessment of each limited membership, and also to the sum of $10,000, and directing in what securities the fund should be invested, recognized that the death fund to be created under St. 1877, c. 204, § 1, was a fund not belonging to the beneficiary association, but held by it in trust for others; in this act the fund is spoken of " as a death fund belonging to the beneficiaries of anticipated deceased members," and it is provided " that such death fund while held in trust" shall be invested in the manner therein specified; and in every subsequent enactment the fund has been so designated. St. 1888, c. 429, § 9. St. 1890, c. 341, § 9. St. 1894, c. 367, § 8. St. 1898, c. 474, § 11. St. 1899, c. 442, § 12. This court, in ordering the distribution of the death fund of insolvent beneficiary associations, proceeded upon the theory that it was " a fund which the defendant corporation was to keep identified, and hold in trust for distribution among the policy holders when the time came. The fund is expressly called a trust by the statute, § 8 "; Holmes, J., in *Fogg* v. *United Order of the Golden Lion*, 156 Mass. 431, 434; and in the case in which it was decided that a beneficiary can sue for the death benefit it was said : " This statute, like the St. of 1885, . . . treats the amount to be paid as the property of the beneficiaries, which they have a right to receive under the express provisions of the law, by virtue of their relation to the corporation, created by the certificate, in which the corporation recognizes them as beneficiaries entitled, on the happening of a contingency, to a fund which is collected and held in trust for them, in accordance with the requirements of the statute and of the by-laws of the corporation." Knowlton, J., in *Dean* v. *American Legion of Honor*, 156 Mass. 435, 438. See also *Buswell* v. *Order of the Iron Hall*, 161 Mass. 224, 231, 232.

St. 1877, c. 204, § 1, also provided that "Such fund so held shall not be liable to attachment by trustee or other process." It appears from subsequent acts, codifying the law of beneficiary associations, that this provision means that the interest which a member, or those claiming under a member, have in the death fund shall not be attached in an action against them or either of them; St. 1888, c. 429, § 15; St. 1894, c. 367, § 14; St. 1898, c. 474, § 17; and it is argued by the plaintiff that, inasmuch as this provision of the statute does not exempt the fund from attachment in actions against the association, it can be so attached. But that argument loses sight of the fact that the death fund of a beneficiary association is a fund not belonging to the association as its own, but held by it in trust for those entitled under the certificates of membership in that association; and it does not require a statute to provide that a fund held by A in trust for B, in which A has no beneficial interest, cannot be attached for the debts of A, that is the rule of the common law. For a case where it was held that a similar trust fund could not be attached by persons having claims against a similar association, see *Burdon* v. *Massachusetts Safety Fund Association*, 147 Mass. 360; for instances of similar trust funds, see *Coe* v. *Washington Mills*, 149 Mass. 543; *American Loan & Trust Co.* v. *Northwestern Guaranty Loan Co.* 166 Mass. 337.

The plaintiff contends that however it may be in case of other claims, one whose claim is for a death benefit under a certificate of membership has a claim upon the death fund, and can attach it in a suit to collect the amount due him as a death benefit. It may be that such a person has a claim upon the death fund; but if he has, his remedy in case the defendant association refuses to pay a judgment which he has obtained on his certificate of membership is a bill in equity to enforce his rights as one of the beneficiaries for whose benefit the death fund is held, and not an action at law suing the association and trusteeing the death fund. Such a person could have his execution satisfied out of any general funds belonging to the association, if he could direct the sheriff where to put his hands upon them; or in a suit on the judgment he could trustee such funds; beneficiary associations have the right to acquire such general funds for expenses and similar purposes by levying the payment of a

fixed sum at stated times; see *Burdon* v. *Massachusetts Safety Fund Association*, 147 Mass. 360, 363; or, when no such dues are payable, by levying assessments. St. 1894, c. 367, § 9. St. 1898, c. 474, § 12. St. 1899, c. 442, § 16.

The peculiarity of the case at bar lies in the fact that the parties have agreed that " the amount paid by the defendant association on account of the execution in the original suit, to wit, $738.48, was the amount received from the last assessment upon the members of the defendant association paid prior to the death of the plaintiff's intestate " ; in view of that fact, the payment of the $738.48 was a full compliance with the contract between the association and the plaintiff's intestate, which provided that " if the amount received from the last assessment paid prior to said death is less than $2,000, the beneficiary of a member of the first rate shall not receive more than the amount of said assessment " ; and the only possible explanation of the judgment which the plaintiff recovered against the defendant is that that fact was not proved at the trial, and consequently a verdict for the full $2,000 and interest was entered. Whether those interested as beneficiaries in the death fund are estopped by the judgment to deny the fact here agreed upon as a judgment recovered against the association as representing them is not now before the court.

It also appears from the facts in the case at bar that the $78.46 and $845.23 which were held by the Old Colony Trust Company at the time it was served as trustee are funds which " were assessed and collected from the members of the defendant association subsequent to said payment by it of $738.48 on account of the execution in the original suit " ; and that checks for the two sums making up the fund in the hands of the Old Colony Trust Company had been drawn before the trustee process was served to pay that fund to the persons who, independently of the judgment rendered in this case, would be entitled thereto.

It is apparent, therefore, that the question whether the plaintiff is entitled to any part of the fund in the hands of the Old Colony Trust Company depends upon questions which can properly be raised only in a bill in equity brought to ascertain the beneficial ownership in said funds in which the other parties who claim to be entitled to it are parties. The entry must be,

*Judgment discharging trustee affirmed.*