### In re BERNSTEIN et al.

(District Court, D. Massachusetts. May 27, 1921.)

No. 28262.

Bankruptcy ⊚⇒377—Practice—Composition—Referee may adjourn meetings of creditors for compositions from time to time.

    Under the Bankruptcy Act (Comp. St. §§ 9585–9656), General Orders, and the rules in bankruptcy of the District Court, the referee may in his discretion adjourn from time to time meetings of creditors in composition proceedings, before as well as after adjudication; and where a meet-

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing was on April 12th he did not err in refusing return on April 20th at request of majority of dissenting creditors, and in proceeding to allow further claims until May 12th, when a majority of creditors assented to the offer of composition.

In Bankruptcy. In the matter of Harry A. Bernstein and others, alleged bankrupts. On objections to approval of referee's report and certificate in composition proceedings. Order affirmed.

Jacobs & Jacobs, of Boston, Mass., for creditors.
Isaac Harris, of Boston, Mass., for alleged bankrupts.

MORTON, District Judge. This certificate raises a question of practice of some importance in composition proceedings. The facts (which are stated in the referee's certificate) are briefly as follows:

It is a case of composition before adjudication. After the filing of the petition the alleged bankrupts gave notice that they desired to offer composition, and prayed that a meeting of their creditors might be called to consider their offer. Under the act (section 12 [Comp. St. § 9596]), an alleged bankrupt may not offer composition until he has submitted to examination at a meeting of his creditors. The notice of composition and petition for a meeting of creditors was duly referred to the referee, and the meeting was duly called and held. Apparently no question arose as to examination; claims were proved and allowed, and the offer in composition was duly filed. The meeting was then adjourned.

Under our practice, the duties of the referee, after the filing of an offer in composition, are (1) to allow claims; (2) to certify the acceptance of the offer by a majority in number and amount of claims allowed, if it be accepted; (3) to fix the amount of deposit required from the alleged bankrupt; and (4) to return the papers into court with his (the referee's) report. The proceedings are governed by the provisions of the act and General Orders, and by rules in bankruptcy of this court numbered 7, 8, and 9. Rule 8 requires that—

"The deposit shall be sufficient to pay the proposed percentage upon all unsecured debts scheduled by the bankrupt, unless the court should otherwise order."

In this respect the practice here differs from that in some other districts, where the deposit required need be sufficient to cover only the proposed percentage on debts proved and allowed. The practice here was established by the late Judge Francis C. Lowell, soon after the passage of the act, and has worked well. It has been the custom for referees to keep open the first meeting and allow claims to be proved from time to time, until either the bankrupt applied for a certificate that a majority in number and amount of the claims proved had assented and the required deposit had been made, or upon motion of some creditor, or upon the referee's own motion, the papers were returned to the court because the alleged bankrupt had not diligently followed up his offer.

In cases of composition after adjudication, the offer is made at a meeting of creditors, further liquidation proceedings are stayed while

it is pending, and the practice follows that in cases of composition before adjudication. The proceedings of the learned referee in the present case accord with the established practice.

The meeting of the creditors was held on April 12th, and, as above stated, was adjourned. On April 20th, the meeting being apparently still open, and a majority in number and amount of claims proved being at that time not in favor of the composition, the objecting creditors requested the referee to return the case to the District Court for adjudication. From his refusal to do so the present review was taken. Thereafter further claims were proved and allowed by the referee, and eventually, on May 12th, a majority in number and amount of claims proved and allowed having assented to the offer in composition, the learned referee returned the papers to the court with a certificate showing the requisite assent by creditors.

The contention of the objecting creditors is that the meeting should have been closed on or before April 20th, and that the referee erred in accepting assents on debts proved and allowed after that date. In re Chinese Fur Importers, Inc., 46 Am. Bankr. Rep. 336 (D. C. S. D. N. Y.) 269 Fed. 669, is cited in support of their position. The practice in that district evidently differs in important particulars from the practice here, as above outlined. A modification of our practice to accord with the opinion in that case would not, in my opinion, be an improvement. Only 10 days' notice is given to creditors of meetings to consider offers in composition, which is a rather short time for those remotely situated. If the composition can be definitely and finally accepted by a majority of the creditors who prove on the date of the meeting, it would give the bankrupt a distinct advantage. He would know what the offer was to be, and could obtain the assents of friendly creditors, while creditors not in his confidence would not know the terms of the offer before the meeting. Moreover, the creditors would naturally be separated and would not be likely to act together until brought together at the meeting. On the other hand, it would be possible for an active organization of creditors to take control of the meeting, and disapprove an offer in composition which was acceptable to a majority in number and amount of all the creditors. These considerations and others which might be mentioned were carefully weighed when the present practice here was established. It does not seem to me that it is inconsistent with the language of the act; and, as above stated, it has worked satisfactorily, both in cases of composition before adjudication and of composition after adjudication.

It seems to me that it is within the discretion of the referee to adjourn a meeting from time to time within wide limits, which were not exceeded in this case. When, in his opinion, the time has come to close the matter, he can close the meeting and make his certificate. That is what was done in this case.

Under the practice in this district there is no such distinction between cases of composition before adjudication and composition afterwards as is spoken of in the opinion in Re Chinese Fur Importers, Incorporated, supra.

Order affirmed.