**MILLER'S APPAREL, Inc., v. H. SIMONOFF & SON, Inc., et al.**

Circuit Court of Appeals, First Circuit.
November 27, 1928.

No. 2261.

Mark M. Horblit and Jacob Wasserman, both of Boston, Mass. (Horblit & Wasserman, of Boston, Mass., of counsel), for appellant.

Robert Jackson Cram, of Boston, Mass., for appellee receiver.

Frederick W. Mowatt, of Boston, Mass., for appellees Harry A. & Charles Gottlieb, Inc., and others.

Before BINGHAM, JOHNSON and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This appeal from an order of the Bankruptcy Court adjudicating the appellant bankrupt involves an important question as to proper procedure in composition.

A creditors' petition was filed against the appellant on December 17, 1927. Before adjudication, on January 18, 1928, the appellant filed a petition stating that it proposed to offer a composition of 25 per cent., and praying for a meeting of creditors to consider and act upon such proposition. The case was thereupon referred to the referee for appropriate proceedings—report to be filed within 40 days. The referee's certificate on review, filed on April 9, 1928, thus states the proceedings before him:

"That a meeting to consider said offer was duly called for February 14, 1928; that said meeting was then adjourned to February 17, 1928; that on February 17, 1928, the alleged bankrupt filed assent to its composition, representing a majority in number and amount of creditors whose claims were then proved and allowed. I then directed the clerk to prepare the referee's report on composition for submission to the District Court. In accordance with the usual custom, I continued to accept claims as they were filed and to allow them, if proper. Several claims were so filed and allowed before the report was completed. When these additional claims were added to those previously filed and allowed, it appeared that a majority in number and amount had not assented to the composition offer. Counsel for the alleged bankrupt was given several days' time in which to procure additional assents. He was unable to procure enough to constitute a majority of claims then filed and allowed. The alleged bankrupt next made a formal motion that the receiver be ordered to deposit funds in his hands with the clerk of the District Court, and that the referee report the results of the meeting to consider the composition. I refused to report the composition, and recommended that the alleged bankrupt be adjudicated. A review has been seasonably requested, and pending the decision on this review I have withheld the recommendation that the alleged bankrupt be adjudicated. The issue is a clear one. On the date of the adjourned meeting to consider the composition the alleged bankrupt appeared to have a majority in number and amount. Before the clerks could complete the necessary data for the referee's certificate recommending the composition sufficient claims were filed and allowed to turn the alleged bankrupt's apparent majority into a minority. I therefore refuse to recommend the composition. This decision is in accord with the practice which has been followed in this district for many years. The reasons for it are best stated by Judge Mor-

ton in the case of In re Bernstein (D. C.) 272 F. 1018."

But on March 22, 1928, the referee had reported to the court: "The 40 days have expired, and the alleged bankrupt has failed to secure a majority in number and amount of assents. I therefore recommend that adjudication take place forthwith." The court adopted this recommendation, and adjudication followed on April 23, 1928. The appellant took this appeal.

Shortly stated, the question is whether composition proceedings are to be dealt with at a real meeting, duly called—which would, of course, include any duly notified adjournments thereof—or whether the referee (in practice his clerks) may allow, ex parte, at no meeting, claims (if appearing to be formally correct), with votes thereon for or against a pending composition. Such seems to have been the practice in this district. We think it cannot be supported.

Composition, whether before or after adjudication, while in some aspects a trade between a debtor and his creditors and outside bankruptcy, in other aspects is strictly under the Bankruptcy Law (11 USCA). Nassau Works v. Brightwood Co., 265 U. S. 269, 44 S. Ct. 506, 68 L. Ed. 1013; Id. (C. C. A.) 286 F. 72, 75; Cumberland Glass Co. v. De Witt, 237 U. S. 447, 454, 35 S. Ct. 636, 59 L. Ed. 1042; In re Lane (D. C.) 125 F. 772, 773.

Offers of composition can be considered only at a meeting duly called under section 12a (11 USCA § 30). At such meeting every claimant is entitled to contest the right of every other claimant to prove his claim in order to vote for or against composition. The main purpose of this meeting is to determine the constituency entitled to vote on the proposed composition. In the essential nature of the case, the proceedings must be open and in the actual or constructive presence of all the scheduled creditors; otherwise the door is left wide open to many kinds of fraud. The rights of creditors not scheduled are protected under section 17, subd. 3 (11 USCA § 35). Claimants against an insolvent estate opposing the composition have the same right to contest the right of other claimants to vote for or against the proposed composition, as, in cases of adjudication, claimants have to contest the claims of other claimants in order to increase their own dividends.

A meeting adjourned sine die (closed) is dead. Claimants straggling into the referee's office are not attending a meeting. Proceedings such as took place here in the referee's

office, with the scheduled creditors neither actually nor constructively present, were non coram judice. Thus to admit claimants to vote on questions, in their nature involving the right both of the debtor and of other claimants, is to proceed without due process of law. It is in effect an ex parte determination of rights on which the debtor and all creditors have a right to be heard. In re Eagles and Crisp (D. C.) 99 F. 696, 699, 3 A. B. R. 733; Bollman v. Tobin (C. C. A.) 239 F. 469, 471, 38 A. B. R. 504; Matter of Tidewater Coal Exchange (C. C. A.) 280 F. 648, 652, 48 A. B. R. 385; In re Henschel et al. (C. C. A.) 113 F. 443, 444; In re McGill (C. C. A.) 106 F. 57, 65. Cf. Remington, Bankruptcy (3d Ed.) §§ 693, 705, 714, 715.

This exact question was dealt with by Judge Augustus N. Hand, of the Southern district of New York, in the Chinese Fur Importers Case (D. C.) 269 F. 669, and we agree fully with his views there expressed. Judge Hand says:

"Upon the argument of the motion for confirmation of the composition, an important question of procedure in 'compositions before adjudication' was raised by counsel for objecting creditors. In such cases it has apparently been the practice of the referees in bankruptcy in this district to allow, for the purposes of the composition, claims filed after the meeting called under section 12a of the Bankruptcy Act (Comp. St. § 9596 [11 USCA § 30]) has been closed. If such claims, though filed after the meeting is over, are regular in form, the referees count them when certifying to the court that a majority of the creditors in number and amount have accepted a composition. The referees only cease to allow claims for the purposes of a composition before adjudication when they are presented after the petition for confirmation is filed in the office of the referee. This practice, though quite general, is, I think, erroneous.

"Section 12a of the Bankruptcy Act provides:

" ' * * * In compositions before adjudication the bankrupt shall file the required schedules, and thereupon the court shall call a meeting of creditors for the allowance of claims, examination of the bankrupt. * * *'

"The foregoing provisions contemplate proof at the meeting of the claims of such creditors as are to be counted when the confirmation of the composition is considered."

The referee cites and relies on the Bernstein Case (D. C.) 272 F. 1018. But, on careful examination of Judge Morton's opinion in that case, it does not support the practice of allowing proofs of claim at other than a duly called or duly adjourned meeting. The meeting referred to in the Bernstein Case is stated to have been "adjourned." And Judge Morton, near the end of the opinion, stated:

"It seems to me that it is within the discretion of the referee to adjourn a meeting from time to time within wide limits, which were not exceeded in this case."

Obviously this is so. To adjourn a meeting "from time to time" is but to adopt the common practice generally applicable to meetings of creditors, of directors, of trustees, etc. It connotes notice to the creditors, directors, etc., present at the duly called meeting that that meeting is to continue its proceedings at a designated place, day and hour. But there is nothing in the Bernstein opinion indicating that the learned District Judge approved of a practice so loose and obviously inconsistent with well-established principles as the determination of the rights of claimants in a fund without the actual or constructive presence of the other claimants.

To recapitulate: In composition, as in bankruptcy, every claimant is potentially, as it were, plaintiff and defendant. Mr. Justice Holmes once referred (Fogg v. Supreme Lodge of Golden Lion, 156 Mass. 431, 433, 31 N. E. 289) to the condition thus obtaining in all insolvency proceedings, in whatever court, as a "bellum omnium contra omnes." This means that all of these potential enemies must have notice, so that they may participate, if they choose, in the war.

The order of adjudication must be vacated and the case remanded for further proceedings not inconsistent with this opinion.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.