## In re CHINESE FUR IMPORTERS, Inc.

(District Court, S. D. New York. January 19, 1921.)

Bankruptcy ⬅️377—Only claims allowed before creditors' meeting closes counted in determining acceptance of composition before adjudication.

Bankruptcy Act, § 12a (Comp. St. § 9596), providing that in compositions before adjudication the court shall call a meeting of the creditors for the allowance of claims, examination of the bankrupt, etc., contemplates proof at the meeting of claims of such creditors as are to be counted when the confirmation of the composition is to be considered, so that claims filed after the creditors' meeting closes, though regular in form and filed before the petition for confirmation is filed, cannot be counted in determining whether a majority of the creditors agreed to a composition before adjudication.

In Bankruptcy. In the matter of the Chinese Fur Importers, Incorporated, alleged bankrupt. On application for confirmation of a composition with creditors. Application denied, and an order for an entry of adjudication granted.

Joffe & Joffe, of New York City, for objecting creditors.
H. & J. J. Lesser, of New York City, for alleged bankrupt.

AUGUSTUS N. HAND, District Judge. It is evident in this case that a majority of creditors in number and amount did not accept the composition, and that it cannot therefore be confirmed. Upon the argument of the motion for confirmation of the composition, an important question of procedure in "compositions before adjudication" was raised by counsel for objecting creditors. In such cases it has apparently been the practice of the referees in bankruptcy in this district to allow, for the purposes of the composition, claims filed after the meeting called under section 12a of the Bankruptcy Act (Comp. St. § 9596) has been closed. If such claims, though filed after the meeting is over, are regular in form, the referees count them when certifying to the court that a majority of the creditors in number and amount have accepted a composition. The referees only cease

to allow claims for the purposes of a composition before adjudication when they are presented after the petition for confirmation is filed in the office of the referee.. This practice, though quite general, is, I think, erroneous.

Section 12a of the Bankruptcy Act provides:

" * * * In compositions before adjudication the bankrupt shall file the required schedules, and thereupon the court shall call a meeting of creditors for the allowance of claims, examination of the bankrupt. * * * "

The foregoing provisions contemplate proof at the meeting of the claims of such creditors as are to be counted when the confirmation of the composition is considered. No trustee has been elected at the time of the meeting for allowance of claims, and there is no one to contest their validity except the creditors. They should know what claims may be allowed and counted in connection with the composition, and should be able to contest their validity before the referee allows them or certifies to the court that the composition has been accepted. If it be said that this interpretation of the statute will impose too heavy a burden upon bankrupts offering a composition, the answer is that, in cases where the facts call for an adjournment of the meeting, so that other claims which any party desires to have considered upon the composition may be proved, application may be made to the referee for such adjournment. In my opinion, the claims of all creditors that are to be counted in consideration of the composition should be proved before the meeting called for that purpose is finally closed.

It is, of course, obvious that nothing I have said above is intended to limit the right of a creditor to prove his claim for purposes other than consideration of the same upon a composition. Furthermore, the above observations apply only to compositions before adjudication; for those after, another procedure obtains.

The application for the confirmation of the composition in this particular case is denied, and an order granted for the entry of an adjudication.