## In re BRANNER.

### Ex parte HAAS BROS. FABRICS CORPORATION et al.

(Circuit Court of Appeals, Second Circuit. December 7, 1925.)

No. 89.

I. **Bankruptcy** ⟜440—**Only jurisdiction of Circuit Court of Appeals over order discharging rule to vacate confirmation of composition is by petition to revise.**

Only jurisdiction of Circuit Court of Appeals over order discharging rule to vacate confirmation of composition settlement is by petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608), and not by appeal; there being no fraud authorizing setting aside under section 13 (Comp. St. § 9597).

2. **Bankruptcy** ⟜440—**Proceedings confirming composition settlement held not to involve any of judgments under Bankruptcy Act.**

Proceedings confirming composition and discharging rule to vacate order of confirmation do not involve any of the "judgments" covered by Bankruptcy Act, § 25 (Comp. St. § 9609), relative to appeals.

**3. Bankruptcy ⬯440—Order affirming or denying composition reviewable by appeal.**

An order affirming or denying a composition settlement must be reviewed by appeal.

**4. Bankruptcy ⬯377—Disregard of bankruptcy rule requiring consent to composition to be filed with offer held not a jurisdictional defect.**

Disregard of rule of District Court requiring consent of creditors to composition to be filed with offer is not a jurisdictional defect, however irregular the practice. .

**5. Bankruptcy ⬯384—Claim filed and put into basket in referee's office held not shown to be allowed.**

Report of special commissioner that claim filed on a certain day and thrown into basket in referee's office awaited further action does not show it was allowed before offer of composition, made a week after filing of claim.

**6. Bankruptcy ⬯341—Claim not allowed merely on filing.**

A bankruptcy claim is not ipso facto allowed because referee receives and places on it a filing date, as only where proof of claim conforms with Bankruptcy Act, §§ 57a, 57b (Comp. St. § 9641), and General Order XXI, is it "duly proved," under section 57d, and entitled to allowance.

**7. Bankruptcy ⬯341—Examination of proof of claim held a judicial act.**

Examination of proof of claim, at least as to its conformity with Bankruptcy Act (Comp. St. §§ 9585–9656) and General Order XXI, is a judicial act, and referee's determination ought to be evidenced by some written order.

**8. Bankruptcy ⬯341—Claim not regarded as allowed until some act indicating its acceptance as valid by referee.**

Claims, though physically received by referee, cannot be regarded as allowed until some act is taken to indicate that claim is accepted as valid, subject to re-examination under Bankruptcy Act, § 57k (Comp. St. § 9641), though referee's practice was not to record allowance in any case.

**9. Bankruptcy ⬯377—Obtaining consents to composition procured after filing of offer held not to make proceedings non coram judice.**

Though consents to composition settlement were procured six days after offer was filed, and therefore under bankruptcy rule 14, Southern District of New York, after application to confirm was made, contrary to Bankruptcy Act, § 12b (Comp. St. § 9596), the proceedings confirming composition are not thereby non coram judice.

**10. Bankruptcy ⬯377—Provision requiring consent of majority of allowed claims before application for confirmation of composition held not to govern power of court.**

Bankruptcy Act, § 12b (Comp. St. § 9596), requiring as a condition precedent that majority of allowed claims accept offer of composition before application for confirmation, is a regulative, not a constitutive, provision, governing conduct of the bankrupt, and not power of the court.

**11. Bankruptcy ⬯377—Defect in failing to obtain consents to composition in time held too trivial to subject proceedings to collateral attack.**

Where consents to composition were obtained before hearing, the defect in obtaining them after application for confirmation, in violation of Bankruptcy Act, § 12b (Comp. St. § 9596), is too trivial to subject proceedings to collateral attack.

**12. Bankruptcy ⬯22 — Administrative rules should be followed with care.**

In bankruptcy proceedings, administrative rule should be followed with punctilious care.

**13. Bankruptcy ⬯341—Custom cannot avoid necessity of examining claims.**

No custom can avoid the necessity of an examination by referee of validity of claims filed before allowing them.

Petition to Revise Order of and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Harold C. Branner, bankrupt. Order discharging rules to vacate order confirming composition, and the Haas Bros. Fabrics Corporation brings petition to revise, and jointly with the M. Ascher Silk Corporation appeals. Appeal and petition to revise dismissed, and order affirmed.

The cause arises, first, upon the petition of the Haas Bros. Fabrics Corporation to revise an order entered May 18, 1925; and, second, upon a joint appeal by the said petitioner and by M. Ascher Silk Corporation from the same order. The case was thus:

An involuntary petition was filed against Branner, the bankrupt, on January 12, 1923, on which he was adjudicated on February 20, and a trustee elected and appointed on April 13, 1923. On some undisclosed day before February 8, 1925, Branner filed in the office of the referee an offer of composition executed by himself, and on some other undisclosed day before February 26, 1924, procured the written acceptance of it by 13 of his creditors. On February 8, 1924, a special meeting was duly called to consider the offer, and after several adjournments, on February 26, the bankrupt was examined before the referee, and filed the 13 written acceptances. There being no objection, the referee reported in favor of the composition, and it thereupon came on for confirmation on March 26, and was duly confirmed by the District Court on June 3, 1923, again without objection.

On February 26, 1924, 13 creditors had filed· their claims, which the referee had

stamped as filed, had entered in his docket, and had placed in his folder with the other papers in the case. Three other creditors had filed their claims on January 17th, February 5th, and February 14th, respectively, which the referee had also stamped as filed on the day of their receipt, but which he had placed in a basket in his office until such time as he should docket them, and file them with the rest of the papers in their proper folder. Of the 13 creditors whose claims were filed and docketed, 7 accepted the composition in writing, but none of the 3 whose claims, though received, had not been docketed and filed with the papers. Therefore a majority of all claims filed had consented on February 26th, if the 3 claims were not counted, but otherwise, if they were.

On September 17, 1924, the appellant, M. Ascher Silk Corporation, and Haas Bros. Fabrics Corporation, got rules nisi to vacate the order of confirmation on the ground, among others, that the court was without jurisdiction over the composition proceedings. Haas Bros. Fabrics Corporation had not accepted the composition, but M. Ascher Silk Corporation had. The court referred the issues to the referee, as special commissioner, who reported the facts as above, and recommended a discharge of the rules nisi. Upon exceptions the District Court confirmed the report and discharged the rules, by an order from which the appeal and petition to revise were taken.

Arthur Mayer and Frank C. Fisher, both of New York City, for appellants and petitioners.

William F. Columbus, of New York City, for appellee and respondent.

Before HOUGH, HAND and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1-3] Our only jurisdiction over the order discharging the rules is by petition to revise under section 24b (Comp. St. § 9608). The proceedings involve none of the "judgments" covered by section 25 (Comp. St. § 9609). The nearest subdivision of that section is (a), (2): "A judgment granting or denying a discharge." An order affirming or denying a composition must indeed be reviewed by appeal. In re Gottlieb, 262 F. 730 (C. C. A. 2); In re O'Gara Coal Co., 260 F. 742, 171 C. C. A. 480 (C. C. A. 7); In re Bay State Milling Co., 223 F. 778, 139 C. C. A. 598 (C. C. A. 2). But the order under review neither denied nor confirmed the composition, which

had already been confirmed. While the time had not expired under section 13 (Comp. St. § 9597) within which the composition might be set aside and the case reinstated, the only ground mentioned in that section is fraud, and there was no fraud here. The theory of the petitioner and appellants is that the confirmation was non coram judice from the outset, that it adjudicated nothing, and that any evidence of it should be cleared from the record. If so, the question is not of confirming or denying the composition, but of whether the whole proceedings were so far beyond the court's jurisdiction as to be open to collateral attack, to be a mere factitious nullity. Although success would involve a denial in effect of the bankrupt's discharge, the case is only within our supervisory power to revise. The appeal is dismissed; we proceed under the petition to revise.

The petitioner's position is this: That since section 12b (Comp. St. § 9596) requires as a condition precedent that a majority of all claims allowed must accept the offer before the application for confirmation, the court had no jurisdiction. This depends upon the fact that, on February 26th, 16 creditors had secured allowance of their claims, of whom 7 only had accepted. But the argument presupposes that February 26th was the day when the application to confirm was made. Under bankruptcy rule 14 of the Southern District of New York, as it then stood, the filing of the offer is to be taken as an application for confirmation, and the consents must then be filed. The record does not show when the offer was filed, though it was necessarily before February 26th. As the date when it was filed is not shown, we cannot say what the allowed claims then were. If it was filed before January 17, 1924, we know that the allowed claims were 13, because the commissioner so reports.

[4] It is true that on any showing the referee disregarded bankruptcy rule 14, because he did not require the consents to be filed with the offer; but that was not a jurisdictional defect, however irregular the practice. Section 12b does not require the consents to be filed before the application, or indeed at any time, and the record does not show whether they were in fact got before or after the application; i. e., the filing of the offer. Therefore, on the record before us, we cannot say whether the consents of a majority of allowed claims were got before the application for confirmation, and the petitioner's case was not proved.

However, he argues that we should look at the actual offer itself, which, though not in the record, was tendered on the argument. The referee, in transmitting the papers to the court for confirmation, apparently included the acceptances and probably the offer as well. To avoid a motion to enlarge the record, we have therefore examined both papers on the files of the District Court, and we find that the offer was filed on January 24, 1924, and therefore after the receipt by the referee of the claim filed on January 17, 1924. If this was a proved claim, the total number of such claims was 14, of which 7 is not a majority, whenever the acceptances were obtained. Hence we must first consider the question whether that claim was in fact allowed before January 24, 1924.

[5] The commissioner has not reported whether he allowed the claim filed January 17, 1924. On the contrary, he has contented himself with saying that when a claim is filed it is ipso facto allowed. He has, however, added that the claim was filed and put into a basket, where on February 26, 1924, it awaited further action, to wit, docketing in some undisclosed book, and placing in the folder with the other papers. We are at a loss to know what this means, but we think that at least it shows that the claim had not been allowed on January 24, 1924.

[6, 7] A claim is not ipso facto allowed because the referee receives it and places upon it a filing date. For aught we can know, all claims are received by the referee's clerk and stamped as filed on the date of their receipt, without any personal examination or allowance whatever. More is necessary for allowance than that. Section 57a (Comp. St. § 9641) prescribes certain formalities for the proof of claim; section 57b, others. General Order XXI prescribes still more; the forms are in addition. Only when the proof of claim conforms with these provisions is it "duly proved" under section 57d and entitled to allowance. Moreover, we are not prepared to say that a claim must be allowed, though not objected to, if on its face for an unprovable debt under section 63a (Comp. St. § 9647); e. g., one arising after petition filed. That question we leave open. The examination of the proof of claim, at least as to its conformity with the statute and the general order, is a judicial act, and, we may add for the guidance of referees, their determination ought to be evidenced by some written order. We are in accord with In re Two Rivers Woodware Co., 199 F. 877, 118 C. C. A. 325 (C. C. A. 7).

[8] It might perhaps be argued that from the mere filing we should presume that the referee had examined and allowed the claim, since it was not his practice to record his allowance in any case, and since he apparently supposed that he had no judicial duty in respect of allowance. But we cannot even say that the three claims had been finally received at all. On the contrary, the commissioner reports that the claim of January 17, with two more, lay in a basket and had not been docketed or filed among the other papers as late as February 26, 1924. The referee or his clerk might consent physically to receive claims for the purpose of examination. At least until he took some definitive action to indicate that he meant to accept them as valid, subject to re-examination under section 57k, they had not been allowed. There must be some evidence of allowance in the sense we have indicated, even if the result be that no claims were ever allowed at all. Therefore the petitioner has failed to show that on January 24, 1924, the allowed claims were more than 13.

[9] The last question is whether the failure of the bankrupt to procure the consents before January 24, 1924, deprived the District Court of jurisdiction. Here again we look at the consents themselves. They bear date January 30, 1924, six days after the offer was filed, and therefore after the application to confirm was made. We must accept the date, as we have no other. Hence arises the question whether the whole proceeding was non coram judice because of the bankrupt's failure to observe the precedence laid down in section 12b. If so, the same must be true as to the payment of the consideration and costs of the proceedings, which is also prescribed in section 12b.

[10] It appears to us extravagant to go so far. If the petitioners were right, it must result that, whenever the bankrupt pleaded the order in bar to an action at law upon his debts, the court, federal or state, must inquire when the consents were in fact obtained, and whether the full consideration and costs were paid. In cases like that at bar, which are unhappily not few, such inquiries would depend upon events, ephemeral and unrecorded, of which it would be impossible to know the truth, and which would hopelessly confuse the main issues of the cause. The prescribed precedence we regard as a regulative, not a constitutive, provision—one which primarily governs the conduct of the bankrupt, not the power of the court. We do not ignore the emphasis of the language, "after, but not before." Still we feel free to consider the nature of the provision, plainly ad-

ministrative in its character, and the consequences of treating it as a condition upon jurisdiction.

[11] If it be asked how far we would go, we answer that that depends upon the results. Perhaps, if the consents, whenever got, were not of a majority of those whose claims were allowed when the offer was filed, the whole proceedings would be void ab initio. Perhaps the same is true, if they are got after the order of confirmation is entered. Perhaps it is even so, if they are got after the hearing provided for in section 12c. We reserve such questions until they arise. All we say now is that, when the consents are got before the hearing, the defect is too trivial to subject the proceedings to collateral attack.

[12, 13] We cannot close without observing how clearly this case shows the necessity in bankruptcy of following the administrative rules with punctilious care. Rule 14 of the Southern district of New York laid down a practice which would have avoided most of the delay, uncertainty and expense which this case has caused. It was ignored. For the rest the trouble arose from the failure of the referee to allow the claims at all, or, if he did so, to record their status by the simple expedient of indorsing his allowance upon them after he had, upon examination, passed upon their sufficiency. No custom can avoid the necessity of such an examination. The fact that an allowed claim makes a prima facie case, and that a bankruptcy court is more than an arbitrator in contentious causes, especially imposes upon referees the duty to see that the estate is not distributed among those who do not prove their right to a dividend. That question may not be left alone to the initiative of the trustee and other creditors. Bankruptcy is three parts administration, and, unless that be scrupulously exact, the whole proceedings become a morass out of which it is often impossible to find a way.

Petition to revise dismissed; order affirmed.