In the Matter of GRACO, INC., d/b/a Furniture World.

No. H–5380.

United States District Court
D. Connecticut.

Dec. 10, 1965.

Mark Yellin, Robert B. Basine, Hartford, Conn., for creditors.

John B. Pearson, Hartford, Conn., for debtor.

BLUMENFELD, District Judge.

This petition for review of the order of the referee confirming the modified plan of arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–799, is filed on behalf of nine objecting creditors. They contend that the referee's order should be reversed because the evidence does not support certain findings of fact and also because the referee, in certain respects, failed to comply with the provisions of the Bankruptcy Act.

These Chapter XI proceedings were originated on April 20, 1965, when the debtor filed a petition for arrangement without a plan under § 322 of the Bankruptcy Act, 11 U.S.C. § 722. Following a complete investigation of the debtor by the creditors' committee, including an examination of the officers of the debtor at the first meeting of the creditors, a plan of arrangement was filed on May 26th. A copy of the plan, along with notice of a hearing to consider the plan to be held on June 16th, was properly mailed to all creditors and parties of interest. Following the hearing, the referee found the plan to be acceptable to the requisite number of creditors in each of the classes set out in the plan.[1] 11 U.S.C. § 762(1).

On June 22, 1965, an application for confirmation was filed by the debtor, and on the same date objections to confirmation were filed on behalf of several creditors. While the application for confirmation and the objections thereto were under advisement, an application to modify the plan of arrangement was filed with the referee on July 15th, and on the same date an order was entered permitting the debtor to file the modified plan of arrangement which increased the dividend to unsecured creditors whose claims exceeded $300 from 27½% to 27¾%, but did not otherwise modify the plan on file.

On July 27th, a hearing upon notice was held to consider acceptance of the modified plan of arrangement, and, after a recess and continuation of the meeting until the next day, the plan was found to be accepted by the requisite creditors, both in number and in amount; and the modified plan was declared accepted by the referee in an order dated July 28, 1965.

On August 3rd, at a hearing duly noticed for that purpose, an application for confirmation of the arrangement was filed by the debtor, and objections to confirmation were filed and heard on behalf of several creditors. The referee found that the provisions of Chapter XI had been complied with; that the plan was for the best interests of creditors and was feasible; that the debtor was not guilty of any acts which would bar a discharge in bankruptcy; and that the proposal and acceptances were in good faith and had been properly procured. Accordingly, an order was entered confirming the plan of arrangement.

The petition raises several issues which challenge the validity of the findings of fact by the referee. These are set forth in eight separate specifications of error. Several of them are directed

1. The creditors were divided into five classes: claims of less than $50; claims of $50 to $100; claims of $100 to $200; claims of $200 to $300; and claims of more than $300.

to a frequently reiterated claim of error in the referee's findings that the plan of arrangement had been accepted in writing by the requisite creditors in each class affected by the arrangement. None of these are entitled to consideration on the merits.

An order which recited the required acceptance of the plan and that the debtor file a timely application for confirmation to be heard at a hearing for that purpose on August 3, 1965, was issued on July 28, 1965. That order finally determined the question between the bankrupt and his creditors as to whether the plan of arrangement had been accepted. Instead of timely filing a petition for review of that order, the petitioners waited until after the hearing on confirmation had been held and an order confirming the plan had been issued to file a petition for review. The petition was filed on August 11, 1965.

■■■ Elaborate discussion is not necessary to establish that an order based upon a finding that the plan of arrangement had been accepted has sufficient finality to support review. Cf. In re Bloch, 3 Fed.Cas. 715 (No. 1551) (C.C.S.D.N.Y. 1878). The plan in this case was not unanimously accepted by the unsecured creditors. Therefore, an application for confirmation by the debtor could not be filed before a finding was made by the referee that the plan had been accepted by a majority in number and in amount of claims in each class of claims. 11 U.S.C. § 762(1). There can be no question but that this finding, when made, constituted a determination by the referee upon which critical consequences depended. At that point, it became clear that the proceeding was not simply a hopeless attempt to stall off a drastic liquidation. A viable scheme of arrangement to reconstruct a failing business

had been agreed to and had become the basis for a subsequent confirmation of a statutory composition.

■■■ Once a plan has been accepted by a majority in writing and an application to confirm and the required deposit is thereafter made, the referee must confirm if he finds that the plan and acceptances thereto are in good faith; that the plan is in the best interests of the creditors and is feasible; and that the other provisions of Chapter XI of the act have been complied with. See 11 U.S.C. § 766. There is reputable authority for the view that, absent a showing of recognized equitable grounds by a creditor, he should not be allowed to withdraw his acceptance after a finding by the referee that the requisite majority of creditors have accepted the plan. Collier, Bankruptcy, Vol. 8, pp. 655–657. Since the logic of the provisions in Chapter XI requires that the minority creditors be bound by the acceptances of the majority, there can be no doubt that at the point that the referee makes a formal finding that the plan has been accepted, property rights of *all* unsecured creditors are affected. A person whose property rights are affected by a referee's order is certainly "a person aggrieved" by that order and one to whom the right to have that order reviewed is extended.[2]

■■■ Once given, however, that right must be exercised pursuant to the act. This means that a petition for review of a final order must be filed "within ten days after the entry thereof * *." Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c). See In re Watkins, 197 F.Supp. 500 (W.D.Va.1961). Cf. In re Middletown Packing Co., 199 F.Supp. 657 (D.Conn.1961); In re Acme Furnace Fitting Co., 302 F.2d 318 (7th Cir. 1962). Since no such petition was filed within ten days following the referee's order of

2. The petitioners themselves recognize that they seek review of two separate orders. Paragraph (3) of their written "Objections to Confirmation of Plan of Arrangement" dated August 2nd and filed with the referee on August 3rd reads:

"Your petitioners respectfully object to the order accepting the Plan of Arrangement, and further object to the Confirmation of said Plan of Arrangement, for the following reasons. . . ."

July 28th based on a determination that the plan had been accepted, petitioners are precluded from obtaining a review of that order.

 Furthermore, as to both that order and the later one confirming the arrangement, which was timely challenged by the petition for review, the petitioners have not met the burden upon them of proving that the referee's findings are "clearly erroneous." In re Chicago Express, Inc., 222 F.Supp. 566, 572 (S.D.N.Y.1963). Nothing in support of the petition was presented to the court other than the referee's clear and comprehensive findings of fact and conclusions of law and a summary of the evidence with exhibits attached certified by him. The evidence thus certified amply supports the facts found and furnishes no basis for the claim that they are "clearly erroneous." In turn, the conclusions reached by the referee are fully justified. As stated in In re Pearlman, 16 F.2d 20, 21 (2d Cir. 1926), by L. Hand, Circuit Judge:

> " * * * the occasion seems to us apt to restate the practice applicable to petitions for review of referees' orders. The proceeding is in substance an appeal from the court of bankruptcy—i. e., the referee—to the District Court. By section 39 (5) [now 39(a)(8); 11 U.S.C. § 67 (a)(8)], being Comp.St. § 9623, it is made the duty of referees to 'make up records embodying the evidence, or the substance thereof, * * * together with their findings therein, and transmit them to the judges.' * * * When the petition to review is lodged with the referee, it becomes his duty to prepare and certify his return as above prescribed, and to it alone the District Court should look in disposing of the petition."

And on p. 22, he pointed out:

> "If the return is not satisfactory to either party, his remedy is to apply to the District Court to compel a fuller return."

Since the petitioners did not do that, the only basis upon which the petition may be considered is the certified record furnished by the referee. A general review of the entire proceeding before the referee cannot be conducted on the basis of oral representations of counsel at argument or factual contentions in his brief.

The orders appealed from are affirmed and the petition for review is denied.

So ordered.