In the Matter of GRACO, INC., d/b/a Furniture World.

No. H-5380.

United States District Court
D. Connecticut.

Jan. 12, 1967.

Bresnerkoff & Pearson, Hartford, Conn., for Graco, Inc., dba Furniture World.

Yellin & Basine, Hartford, Conn., for petitioning creditors.

## RULING ON MOTION TO SET ASIDE AN ORDER CONFIRMING A CHAPTER XI ARRANGEMENT

BLUMENFELD, District Judge.

This is a motion to set aside an order confirming an arrangement under Chapter XI of the Bankruptcy Act. The movant further seeks to have the debtor, Graco, Inc., d/b/a Furniture World, adjudicated a bankrupt.

Movant alleges that the later disallowance by the referee of claims which had been allowed at the time of the meeting and which were voted for acceptance of the plan vitiates the original acceptance. Section 362(1) of the Bankruptcy Act, 11 U.S.C. § 762, requires acceptance of the proposed arrangement by "a majority in number of all creditors of each class, affected by the arrangement, whose claims have been proved and allowed before the conclusion of the meeting." Upon acceptance by a majority of creditors and compliance with further provisions of the statute, the act provides in § 366, 11 U.S.C. § 766, for confirmation of the arrangement. Movant's argument is essentially that recent circumstances indicate that a majority of the creditors whose claims are now allowed were opposed to the plan. Such present opposition, it is contended, vitiates the original vote of acceptance and requires the court to set aside the order of confirmation. Movant does not actually allege that a majority of the now allowed claims was opposed to the plan at the meeting, but rather that the objections "reduce the number and amount of creditors voting in favor of the plan of arrangement, so that it now becomes unclear whether the creditors voting * * * were in favor or against the said acceptance of the plan of arrangement." The debtor claims that a majority was in favor of the plan at the time of the meeting even if the claims now disallowed had been rejected at that time.

The plan was hotly opposed by the attorney for the movant at all stages of the proceeding. A vigorous struggle ensued at the creditors' meeting over whether

the plan was accepted by the requisite number of creditors. The final vote was taken on July 28, 1965, and at that time a majority of creditors were counted as accepting the proposed plan. On August 3, 1965, an order was entered confirming the plan of arrangement. Thereafter on August 11, 1965, a petition for review was filed by movant's attorney. This court denied the petition. In the Matter of Graco, Inc., d/b/a Furniture World, 249 F.Supp. 405 (D.Conn.1965), aff'd, 364 F.2d 257 (2d Cir. 1966).

Now approximately sixteen months after entry of the confirmation order and after an unsuccessful appeal from the denial of a petition for review of that order, movant seeks to have the order set aside.

The Bankruptcy Act is explicit on the grounds for setting aside the confirmation of an arrangement. Section 386(1) of the act, 11 U.S.C. § 786, provides that the court may set aside the arrangement upon application within *six months* of confirmation, if "it shall be made to appear that *fraud* was practiced in the procuring of such arrangement and that knowledge of such fraud has come to the petitioners since the confirmation of such arrangement * * *." (Emphasis added). Fraud is not to be inferred. In re Vandeweghe, 49 F.2d 939 (S.D.N.Y. 1931). No fraud is alleged to have tainted the instant arrangement; indeed, the movant's attorney specifically disclaimed the existence of any fraud.

The provisions of § 386(1) are not new to the Bankruptcy Act. Section 13 of the former act, 11 U.S.C. § 31, similarly provided for the setting aside of an arrangement on the grounds of fraud, provided that the petition was filed within six months of the order of confirmation.

■ This provision was the exclusive means of setting aside a confirmed arrangement. The Second Circuit has adopted this view of the bankruptcy law. In the words of Judge Swan:

"Setting aside an order confirming a composition is controlled exclusively by section 13 of the Bankruptcy Act * * *

"With reference to this section, this court has expressed the view in dicta, after signing the confirmation order, the only power left in the bankruptcy court is to set the composition aside 'for the reasons, and only for the reasons, set forth in section 13.'" In re Isidor Klein, Inc., 22 F.2d 906, 908 (2d Cir. 1927).

See also In re Rudnick, 93 F. 787 (D. Mass.1899).

The court in *Klein* was faced with the argument that § 2(9),[1] 11 U.S.C. § 11 (9), of the act provides that the bankruptcy court may:

"(9) Confirm or reject arrangements or plans proposed under this Act, *set aside confirmations of arrangements* or wage-earner plans and reinstate the proceedings and cases." (Emphasis added).

The court, however, there affirmed the rationale of the prior dicta and held that "the general power conferred by section 2 is limited by section 13 and that * * * section [§ 13] sets forth the only grounds for setting aside an order confirming a composition." (22 F.2d at 909–910). See also In re Branner, 9 F.2d 883 (2d Cir. 1925).

■ The authority of *Klein* is still unimpaired. Since the movant in the present case has not brought himself within the four corners of § 386 (formerly § 13), his motion to set aside the order of confirmation of the arrangement should be denied.[2]

But, the movant, Unaugusta Manufacturing, raises a point of some importance in bankruptcy law. Although not necessary to decide the present case, a con-

1. Section 2(9) under the former act is also § 2(9) under the present act.

2. Since the court did not retain jurisdiction pursuant to § 368, it is unnecessary to consider this motion as a proposal to alter or modify the arrangement pursuant to § 387.

sideration of this procedural question may be in order. Cf. In re Branner, supra, 9 F.2d 883.

Section 2(2) of the act, 11 U.S.C. § 11(2), provides that the bankruptcy court may:

"(2) Allow claims, disallow claims, *reconsider allowed or disallowed claims,* and allow or disallow them against bankrupt estates." (Emphasis added).

Similarly § 57(k), 11 U.S.C. § 93(k), provides:

"(k) Claims which have been allowed *may be reconsidered for cause and reallowed or rejected in whole or in part* according to the equities of the case, before but not after the estate has been closed." (Emphasis added).

Section 302, 11 U.S.C. § 702, incorporates these provisions of the act into Chapter XI arrangements insofar as they are not inconsistent with the provisions of that chapter.

The referee in this case allowed some contested claims for the purpose of casting votes for or against the arrangement pursuant to § 362, 11 U.S.C. § 762. Upon receiving a favorable vote of acceptance, the plan was confirmed. Subsequently, and more than a year later, the debtor objected to payment of these claims and the referee in exercise of his powers of reconsideration disallowed them for that purpose. The movant now claims that the subsequent disallowance of these claims vitiated the original vote of acceptance and voided the order of confirmation. Such is not the law.

It has been widely held that once the meeting of creditors has been concluded, a claim thereafter allowed or an acceptance thereafter filed cannot affect the determination of acceptance. 9 Collier, Bankruptcy, Chap. XI, ¶ 9.05 [2.6] (1964).

The reverse of the instant situation was litigated and decided long ago. In In re Chinese Fur Importers, Inc., 269 F. 669 (S.D.N.Y.1921), Judge A. Hand held that claims filed in a composition after the creditors' meeting had closed, though regular in form and filed before the petition for confirmation was filed, could not be counted in ascertaining whether a majority of the creditors agreed to a composition before adjudication. See also Miller's Apparel, Inc. v. H. Simonoff & Son, Inc., 29 F.2d 507 (1st Cir. 1928).

The critical date is that of the conclusion of the creditors' meeting. § 362(1). Claims allowed at this time may vote for or against the plan. A snapshot is taken, as it were, of creditor status and rights at this time. The vote is taken in accordance with this snapshot and, absent fraud, this vote is conclusive. Claims subsequently filed may not vote for or against the plan. In the same rationale, claims allowed and voting at the time of the conclusion of the creditors' meeting will not be nullified for acceptance purposes because subsequently disallowed pursuant to the action of the referee or court under § 2(2) and § 57(k).

It may be argued that the power of the referee or court to reconsider and disallow previously allowed claims implies a power to reopen the creditors' meeting and take another vote upon the arrangement. Although not totally without logic, this position does violence to any principle of finality in bankruptcy proceedings. Though the act provides for reconsideration and disallowance of previously allowed claims, the act also provides in § 386 the exclusive means of setting aside an order of confirmation. In order to come within the provisions of this section, a showing of fraud must be made within six months of confirmation. No such showing was made here and the time limitation has expired. The plain import of the Bankruptcy Act is that although claims previously allowed for voting purposes may be reconsidered and subsequently disallowed for payment purposes, the subsequent disallowance does not relate back to the time of conclusion of the creditors' meeting.

All objections to the proposed plan by a creditor, including the amount of the claims presented by other creditors must be raised at the creditors' meeting. At this composition meeting, as in bank-

ruptcy, every claimant is potentially a plaintiff and a defendant. Mr. Justice Holmes once referred (Fogg v. Supreme Lodge of United Order of Golden Lion, 156 Mass. 431, 433, 31 N.E. 289) to the condition thus obtaining in all insolvency proceedings, in whatever court, as a "bellum omnium contra omnes."

This "war" must be fought, however, within the confines of the creditors' meeting. Once the meeting concludes, the vote taken there, absent fraud, is binding at all later stages of the proceeding, regardless of later allowance or disallowance of claims. In re Chinese Fur Importers, Inc., supra, 269 F. 669. To hold otherwise would render the procedure of a Chapter XI arrangement, already cumbersome, substantially more unwieldy by destroying the inherent sense of finality that the conclusion of a creditors' meeting and subsequent order of confirmation now brings.

The motion is denied.