Proceeding # 1

Phillip J. McNELLIS, as Trustee in Bankruptcy of Donald S. Potter, Plaintiff,

v.

Herman DUBNOFF, Defendant.

Proceeding # 2

Herman DUBNOFF, Petitioner,

v.

Honorable David J. GOLDSTEIN, Referee in Bankruptcy in the United States District Court for the Northern District of New York, Respondent.

No. 63–BK–752.

United States District Court
N. D. New York.
June 5, 1968.

565

Laurence Sovik, of Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer, Syracuse, N.Y., for Phillip J. McNellis, Trustee, plaintiff in Proceeding #1.

Philip C. Pinsky, Syracuse, N.Y., (Victor Levine, Syracuse N.Y., on the brief), for Herman Dubnoff, defendant in Proceeding #1 and petitioner in Proceeding #2.

Bartle J. Gorman, of Gorman & Waszkiewicz, Utica, N.Y., for Honorable David J. Goldstein, Referee in Bankruptcy, respondent in Proceeding #2.

TIMBERS, District Judge.*

QUESTION PRESENTED

Upon remand from the Court of Appeals for this Circuit,[1] Honorable David J. Goldstein, Referee in Bankruptcy, after a full evidentiary hearing, entered an order on February 7, 1968 refusing to disqualify himself from hearing and determining Proceeding #1 because of alleged interest under Section 39(b) of the Bankruptcy Act, 11 U.S.C. § 67(b). No petition to review the referee's order was filed within 10 days after its entry as provided by Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c).

On March 11, 1968—33 days after entry of the referee's order—Dubnoff filed in the District Court[2] a motion for leave to serve an "amended petition" seeking a writ of prohibition or a writ of mandamus directing the referee to desist from acting further in Proceeding #1 or an order transferring that proceeding to another referee.

The trustee's motion to quash Dubnoff's motion for leave to serve an amended petition presents for determination the narrow question whether the 10 day time limitation prescribed by Section 39 (c) within which a petition to review a referee's order must be filed may be circumvented by filing long after the 10 day period a motion for leave to serve an "amended petition."[3] The Court holds that Section 39(c) may not be thus circumvented. The trustee's motion to quash is granted.

Alternatively, even if Dubnoff's amended petition were timely, the Court would deny it on the merits. To the extent that it seeks transfer of Proceeding #1 to another referee pursuant to Section 22(b) of the Bankruptcy Act, 11 U.S.C. § 45(b), the Court would deny the petition in the exercise of its discretion. To the extent that it seeks review of the referee's order refusing to disqualify himself because of alleged interest pursuant to Section 39(b) of the Bankruptcy Act, 11 U.S.C. § 67(b), the Court would deny the petition on the ground that the referee's order is not a final order, nor is it such an interlocutory order as to be reviewable at this stage of the proceeding; the referee having fully complied with the mandate of the Court of Appeals and of this Court

* Chief Judge of the District of Connecticut, sitting by designation.

1. Dubnoff v. Goldstein, 385 F.2d 717, 721, 724 (2 Cir. 1967).

2. Apparently Dubnoff's motion for leave to serve an amended petition was served on the trustee's counsel on March 8, 1968, and made returnable April 8, 1968. The trustee's counsel promptly moved, by order to show cause signed by Chief Judge Foley on March 8, 1968, to quash Dubnoff's motion, making the order to show cause returnable before the undersigned at Syracuse on March 11, 1968.

3. Aside from Dubnoff's failure to comply with the time limitation of Section 39 (c), he has never filed a petition for review *with the referee* as required by the same section of the Act.

upon remand, his order refusing to disqualify himself must await review of the final order to be entered by the referee in Proceeding #1. Alternatively, therefore, Dubnoff's motion for leave to serve an amended petition is denied.

On the basis of the motions, affidavits, exhibits, pleadings, transcripts of proceedings before the referee, the referee's findings, decision and order, and the briefs of counsel, the Court makes the following findings of fact and conclusions of law in support of its order entered on the instant motions.

## FINDINGS OF FACT

(1) On May 28, 1963, Donald S. Potter was adjudicated a bankrupt in this Court. The matter was referred to Honorable David J. Goldstein as referee. The referee appointed Phillip J. McNellis as trustee. The trustee employed the Syracuse law firm of Smith & Sovik as special counsel, compensation to be paid upon application and approval by the referee.

(2) In the bankruptcy proceeding, Herman Dubnoff filed a claim for $37,500. The trustee moved to expunge the claim; he also sought to recover from Dubnoff all interest paid to him by the bankrupt which the trustee claimed was in excess of six per cent per annum and also to recover certain repayments of principal on the ground that they were fraudulent conveyances. On July 8, 1964, after trial in the bankruptcy court, the referee expunged Dubnoff's claim and granted judgment in favor of the trustee against Dubnoff for $62,628.82.

(3) Petitions to review the referee's order were filed by the respective parties. On March 18, 1966, Judge Port entered an order reversing the referee, remanding the matter to him for further findings and granting to each of the parties the right to introduce additional evidence. On September 21, 1966, the Court of Appeals affirmed Judge Port's order. McNellis v. Dubnoff, 367 F.2d 513 (2 Cir. 1966).

(4) The Smith & Sovik firm has acted as counsel of record for the trustee throughout all proceedings herein referred to. Laurence Sovik, a member of that firm, has been in personal charge of all representation of the trustee.

(5) On December 16, 1966, trial began before the referee pursuant to the remand by Judge Port as affirmed by the Court of Appeals. After some evidence was taken, the trial was adjourned to January 3, 1967.

(6) Prior to the January 3, 1967 hearing, Dubnoff's attorney (Victor Levine, Esq.) learned that the Sovik firm had purchased from the referee's son, long prior to the instant bankruptcy proceeding, a group life insurance policy on the lives of lawyers and members of the staff of the Sovik firm. This matter was raised before the referee on January 3, 1967. As a result thereof, petitions were filed in this Court by Dubnoff and the referee, each brought on by order to show cause.

(7) Relying on Sections 39(b), 34(b) and 22(b) of the Bankruptcy Act, 11 U.S.C. §§ 67(b), 62(b), and 45(b), respectively, Dubnoff petitioned the Court to prohibit the referee from acting any further in the proceeding because of his alleged indirect interest therein; to remove him for misconduct; and to have the case transferred for cause to another referee. The referee petitioned the Court to vacate and quash Dubnoff's petition; to expunge the papers filed by Dubnoff seeking the referee's removal; and to dismiss the proceedings brought on by Dubnoff's petition.

(8) By order entered March 10, 1967, Judge Port vacated that part of the order to show cause obtained by Dubnoff directing the referee to show cause why he should not be removed for misconduct; expunged from the Court's records Dubnoff's petition relative to the removal of the referee; denied the referee's petition to vacate the balance of the order to show cause obtained by Dubnoff; and denied Dubnoff's petition to prohibit the referee from acting further because of alleged interest.

(9) On Dubnoff's appeal from Judge Port's order, the Court of Appeals on September 14, 1967 affirmed this Court's denial of Dubnoff's petition to remove the referee pursuant to Section 34(b) of the Act; dismissed the appeal from this Court's denial of Dubnoff's petition to transfer the case to another referee pursuant to Section 22(b) of the Act; dismissed the appeal from this Court's denial of Dubnoff's petition because of alleged bias of the referee; dismissed the appeal from this Court's denial of Dubnoff's petition to prohibit the referee from acting further because of alleged interest pursuant to Section 39(b) of the Act; and directed this Court to remand the matter to the referee with instructions to proceed in a manner not inconsistent with the opinion of the Court of Appeals—specifically, to hold an evidentiary hearing on the question of the referee's alleged interest and to enter a definitive order ruling upon the legal sufficiency of such evidence. Dubnoff v. Goldstein, supra note 1, at 721, 724.

(10) By order entered October 4, 1967, Judge Port remanded to the referee the matter of his qualification to continue to act in the bankruptcy proceeding and directed the referee to proceed on the remand in a manner not inconsistent with the opinion of the Court of Appeals.

(11) Pursuant to an order entered November 1, 1967 by the referee in response to Judge Port's order, a hearing on the remand was held before the referee on November 8, 1967. The referee's son, under examination by Dubnoff's attorney, testified that he had been selling insurance to several lawyers. A substantial portion of the examination of the referee's son was devoted to comparing a proposal made to the Sovik firm by the Northwestern Life Insurance Company with the policy actually issued to that firm by the Lincoln National Life Insurance Company (the one sold by the referee's son). Exhibits were introduced to show that the total commissions received by the referee's son from all the Sovik policies since November 15, 1962 amounted to $6,000.48;

and that he had received commissions totalling $2,832.77 from thirty policies sold to other lawyers during that period.

(12) Although Dubnoff's attorney subpoenaed the trustee's counsel, Laurence Sovik, to appear at the November 8, 1967 hearing before the referee and he appeared in response thereto, Sovik was not examined by Dubnoff's attorney. During a discussion at the hearing, however, Dubnoff's attorney asked Sovik whether there was some basis upon which the Dubnoff bankruptcy proceeding could be settled; to this, Sovik replied that he would not discuss settlement of the bankruptcy proceeding until the disqualification charges against the referee had been either withdrawn or judicially determined.

(13) After the November 8, 1967 hearing, Proceeding #2 was adjourned ten times at the request of Dubnoff's attorney. At the hearing on January 31, 1968 pursuant to the last adjournment, Dubnoff's attorney filed an affidavit and exhibits. In accordance with permission granted by the referee, the trustee's counsel on February 5, 1968 filed an answering affidavit, accompanied by an affidavit by the referee's son. The latter's affidavit stated that in 1959 he had sold two insurance policies, still in force, to a member of the law firm representing Dubnoff; and that he had never requested his father, the referee, to solicit the Sovik firm for insurance, nor had he ever discussed with his father his (the son's) soliciting such insurance or his sale of insurance to the Sovik firm.

(14) Continuously from November 8, 1967, Sovik held himself and members of his firm in readiness to testify regarding the insurance policies sold by the referee's son to Sovik's firm. Dubnoff's attorney did not examine Sovik, although subpoenaed to testify. All information and documents which Dubnoff's attorney requested of Sovik were furnished and made part of the record.

(15) Dubnoff had a full opportunity to submit whatever proof he had on the

issue of the referee's alleged interest. The referee received and made part of the record all evidence produced by Dubnoff. Dubnoff was satisfied that no further hearing was necessary.

(16) On February 7, 1968, the referee filed his findings, decision and order. Solely for the purpose of the proceeding seeking to disqualify him, the referee accepted as true the evidence adduced on the issue of his alleged interest and ruled that it was legally insufficient to disqualify him. Specifically, the referee held that "he had no interest, direct or indirect, in any funds which have been paid by the Sovik firm for insurance sold to that firm by [the referee's] son and has no interest, direct or indirect, in any future funds which might be paid by the Sovik firm for insurance sold to them by [the referee's] son." Accordingly, the referee refused to disqualify himself from hearing and determining Proceeding #1 because of alleged interest under Section 39(b) of the Bankruptcy Act.

(17) On March 11, 1968, Dubnoff filed in the District Court a motion for leave to serve an "amended petition" seeking in the alternative essentially two of the same items of relief specifically ruled on by Judge Port in his order of March 10, 1967—namely, that the referee be directed to desist from acting further in Proceeding #1 because of alleged interest or that that proceeding be transferred to another referee.

(18) On March 11, 1968, the trustee's motion to quash Dubnoff's motion for leave to serve an amended petition was submitted by all parties without argument to the undersigned at Syracuse. In addition to the papers before the Court on March 11, 1968, a number of briefs and affidavits were submitted by the parties thereafter, all of which have been considered.

## CONCLUSIONS OF LAW

(1) Dubnoff's amended petition, construed as a petition to review the referee's order of February 7, 1968, is not timely, not having been filed within ten days after entry of the referee's order, as required by Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c).

(2) The amended petition, insofar as it seeks transfer of Proceeding #1 to another referee pursuant to Section 22 (b) of the Bankruptcy Act, 11 U.S.C. § 45(b), is denied (a) upon the entire record in the exercise of the undersigned's discretion, and (b) upon the further ground that such relief is improperly sought from the Court for a second time, having previously been denied by Judge Port on March 10, 1967 in the exercise of his discretion.

(3) The amended petition, insofar as it seeks review of the referee's order refusing to disqualify himself because of alleged interest pursuant to Section 39 (b) of the Bankruptcy Act, 11 U.S.C. § 67(b), is denied on the ground that the referee's order is not a final order, nor is it such an interlocutory order as to be reviewable at this stage of the proceeding.

(4) The referee having fully complied with the mandate of the Court of Appeals and of this Court upon remand by holding an evidentiary hearing on the issue of his alleged interest and having made a definitive ruling on the legal sufficiency of such evidence, his order refusing to disqualify himself must await review of the final order to be entered by the referee in Proceeding #1.

(5) The trustee's motion to quash Dubnoff's motion for leave to serve an amended petition is granted.

(6) Alternatively, Dubnoff's motion for leave to serve an amended petition is denied.

## OPINION

*Untimeliness of Petition to Review*

Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), provides in relevant part:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof . . . , file with the

referee a petition for review of such order by a judge. . . . "

■ The referee's order which Dubnoff here seeks to have the Court review was entered February 7, 1968. No petition to review the referee's order was filed within 10 days after its entry. Dubnoff's motion for leave to serve an "amended petition" was filed March 11, 1968—33 days after entry of the referee's order. Construed as a petition to review, Dubnoff's amended petition is not timely. In re Graco, Inc., 249 F. Supp. 405 (D.Conn.1965); In re Plotkin, 247 F.Supp. 293 (S.D.N.Y.1965). See In re Acme Furnace Fitting Co., 302 F.2d 318 (7 Cir. 1962).

■ Nor may the 10 day time limitation prescribed by Section 39(c) be circumvented by characterizing the tardy petition as an "amended petition" filed as part of a continuing application by Dubnoff in his effort to oust a referee who has incurred Dubnoff's displeasure. The statutory time limitation is too clear to permit any such circumvention.

*Inappropriateness of Second Petition to Transfer Proceeding to Another Referee*

On March 10, 1967, Judge Port in the exercise of his discretion denied Dubnoff's first petition to transfer the instant bankruptcy proceeding to another referee pursuant to Section 22(b) of the Bankruptcy Act, 11 U.S.C. § 45(b). Judge Port's reasons for the exercise of his discretion were fully stated on the record at the hearing before him on February 13, 1967 and are summarized in the opinion of the Court of Appeals upon Dubnoff's appeal from this part of Judge Port's order. Dubnoff v. Goldstein, supra note 1, at 723–724. The Court of Appeals dismissed the appeal from Judge Port's denial of Dubnoff's petition to transfer the proceeding to another referee. Id. at 724. In so doing, the Court of Appeals stated:

"A request to the District Court to refer a bankruptcy case to another Referee under Section 45(b) is ad-

dressed to the Court's discretion. Benioff v. Wyman, 195 F.2d 440 (9 Cir. 1952)."

■ Even if it were within the competence of the undersigned again to adjudicate an issue which Judge Port already has determined in the exercise of his discretion, I would decline to do so. To the extent that Dubnoff's second petition to transfer the proceeding to another referee is based upon facts of record developed subsequent to Judge Port's order of March 10, 1967, including the proceedings before the referee beginning November 8, 1967, upon remand from the Court of Appeals and from this Court, I find not a scintilla of a basis in such proceedings for transferring the proceeding to another referee. Judge Goldstein conducted the hearings upon remand in a commendably judicious manner; full opportunity was accorded to all who wished to be heard; all documentary evidence offered was made part of the record; and the entire conduct of the referee was notably temperate, patient and fair—albeit in the performance of a duty characterized by the Court of Appeals as "distasteful." Upon the entire record, Dubnoff's second petition to transfer Proceeding #1 to another referee is denied in the exercise of the Court's discretion.

*Non-reviewability of Referee's Order Refusing to Disqualify Himself for Alleged Interest*

In dismissing the appeal from Judge Port's denial of Dubnoff's prior petition to prohibit the referee from acting further because of alleged interest pursuant to Section 39(b) of the Bankruptcy Act, 11 U.S.C. § 67(b), the Court of Appeals could hardly have been more emphatic that ordinarily an order by a referee refusing to disqualify himself because of alleged interest is *not* reviewable—either by petition to review or by petition for writ of prohibition or mandamus —until review of the referee's final order in the plenary bankruptcy proceeding. Dubnoff v. Goldstein, supra note 1, at 721–722.

Referring to the referee's earlier order refusing to disqualify himself because of alleged interest, the Court of Appeals held:

> ". . . This is not a final order nor is it such an interlocutory order as to be appealable." (Id. at 722)

And the Court of Appeals concluded the section of its opinion on the "interest" of the referee as follows:

> "Hence, the appeal from the District Court on the matter of 'interest' must be dismissed. Since *there was no right to appeal from the Referee's action, whatever it may have been, for review by the District Court,* that Court is directed to remand the matter to the Referee for proceedings not inconsistent with this opinion." (Id. at 722) (Emphasis added)

■■■ This Court holds, upon the authority of the Court of Appeals' opinion in Dubnoff v. Goldstein, supra note 1, at 721–722, that Dubnoff's instant petition seeking review of the referee's order of February 7, 1968 refusing to disqualify himself because of alleged interest must be denied on the ground that the referee's order is not a final order, nor is it such an interlocutory order as to be reviewable at this stage of the proceeding.[4]

*Compliance By Referee With Mandate of Court of Appeals and of This Court Upon Remand*

While dismissing the appeal from Judge Port's denial of Dubnoff's prior petition to prohibit the referee from acting further because of alleged interest, the Court of Appeals directed this Court to remand the matter to the referee with instructions to proceed as follows (Dubnoff v. Goldstein, supra note 1, at 721):

> "It is our opinion that the Referee was required to take appellant's proof as to any alleged interest under Section 67(b), ordinarily to assume its factual truth and to rule on its legal sufficiency. This is, we believe, the duty of the Referee in the first instance as a trial tribunal, a duty which, though distasteful, may not be avoided.
>
> We do not intend hereby to determine or to intimate the sufficiency or insufficiency of the totality of any facts which were submitted or which may be supplied with respect to alleged 'interest.' However, we believe that the appellant is entitled, under primary rules of judicial administration, to submit whatever appropriate proof he may have and to secure a definitive ruling by the Referee on its sufficiency."

The referee has fully complied with the mandate of the Court of Appeals and of this Court upon remand. He held an evidentiary hearing on the issue of his alleged interest. He afforded Dubnoff a full opportunity to submit whatever proof he had. He received and made part of the record all evidence produced. Dubnoff was satisfied that no further hearing was necessary and his attorney expressly so informed the referee.

■■■ Acting in accordance with the approved practice under 28 U.S.C. §

4. In view of the clear non-reviewability at this stage of the proceeding of the referee's order refusing to disqualify himself for alleged interest, the vehicle by which such review is sought is unimportant. Since this is the second petition for a writ of prohibition or mandamus which Dubnoff has addressed to this Court seeking ouster of the referee, however, it may not be amiss to note that the extraordinary writs of prohibition or mandamus are wholly inappropriate for the relief here sought.

On this point, the Court of Appeals in Dubnoff v. Goldstein, supra note 1, at 721, after noting that "The District Court denied the request for an order of writ of prohibition or mandamus prohibiting the respondent-Referee from acting any further in the bankruptcy proceeding on the grounds of indirect interest", then concluded:

> "A writ of mandamus and prohibition ordinarily would not be appropriate under the facts of this case." (Id. at 722).

144,[5] the referee in his findings, decision and order filed February 7, 1968, solely for the purpose of the proceeding seeking to disqualify him, took as true the evidence adduced on the issue of his alleged interest and confined his inquiry and ruling to the legal sufficiency of such evidence. Berger v. United States, 255 U.S. 22 (1921); Rosen v. Sugarman, 357 F.2d 794, 797 (2 Cir. 1966); United States v. Richmond, 178 F.Supp. 44, 46 (D.Conn.1958); United States v. Devlin, Tropiano and Grasso, 284 F.Supp. 477 (D.Conn.1968).

■■■ The referee having ruled that such evidence, taken as true, is legally insufficient to establish that he has any direct or indirect interest in the case[6] and accordingly having refused to disqualify himself, he has made precisely the definitive ruling called for by the mandate of the Court of Appeals.

The net result is that a complete record now has been made upon the basis of which this Court in due course appropriately may determine, upon review of the final order to be entered by the referee in Proceeding #1, whether the referee's ruling that he has no direct or indirect interest in the case is correct as a matter of law.

*Conclusion*

This Court would be derelict in the performance of its plain duty if it did not express its deep concern over the wholly unwarranted delay in bringing to a conclusion the *Dubnoff* facet of this bankruptcy estate now in its sixth year. Whatever may have been the cause of past delays and to whomever such delays may be ascribed are now of less consequence than the urgency from this point on of prompt conclusion of this proceeding.

The remaining issues to be determined by the referee pursuant to Judge Port's remand of more than two years ago (promptly affirmed by the Court of Appeals[7]) are as follows:

(1) Proper allocation to principal or to interest of the loans made by Dubnoff to the bankrupt.

(2) Intent of the parties with respect to usury.

■■■ The parties accordingly are directed to proceed forthwith with the trial of these issues before the referee. The hour is late. No further delay, procrastination or dilatory tactics will be countenanced by this Court. Counsel and the parties are reminded of the fundamental objective of all proceedings in this United States District Court: "to secure the just, speedy and inexpensive determination of every action."[8]

5. While 28 U.S.C. § 144, which governs disqualification of a "judge", does not apply by its terms to disqualification proceedings brought against a bankruptcy referee, the practice under § 144 is germane to a proceeding against a referee. Dubnoff v. Goldstein, supra note 1, at 720.

6. Section 39(b) of the Bankruptcy Act, 11 U.S.C. § 67(b), provides that "Referees shall not . . . act in *cases* in which they are directly or indirectly interested . . ." and 18 U.S.C. § 154 makes it a criminal offense for a referee knowingly to act "in a *case* in which he is directly or indirectly interested." (Emphasis added) Clearly it is *interest* in a *case* which is proscribed. While the referee in the instant proceeding ruled that he has no interest, direct or indirect, in any *funds* which the Sovik firm have paid or will pay to the referee's son for insurance sold to the Sovik firm, such ruling in context means (i) that the referee has no interest in any compensation Sovik may receive for services rendered to the trustee in bankruptcy, and (ii) that the referee has no interest in the bankruptcy proceeding by the trustee against Dubnoff. Any other construction placed on the referee's disclaimer of interest in funds paid by the Sovik firm would render the entire Dubnoff disqualification effort pointless.

7. McNellis v. Dubnoff, 367 F.2d 513 (2 Cir. 1966).

8. Rule 1, Fed.R.Civ.P. General Order 37 makes the Federal Rules of Civil Procedure applicable to proceedings under the Bankruptcy Act insofar as they are not inconsistent with the Act.

ORDER

ORDERED as follows:

(1) That the trustee's motion to quash Dubnoff's motion for leave to serve an amended petition is granted.

(2) That, alternatively, Dubnoff's motion for leave to serve an amended petition is denied.

(3) That all parties and counsel are directed forthwith, without further delay whatsoever, and with all deliberate speed, to bring Proceeding #1 to a conclusion just as promptly as the available judicial manpower in the sorely pressed Northern District of New York will permit.