In the Matter of GRACO, INC. d/b/a Furniture World in Proceedings for an Arrangement Under Chapter XI.

No. 366, Docket 30308.

United States Court of Appeals
Second Circuit.

Argued May 27, 1966.

Decided July 27, 1966.

Mark C. Yellin, Hartford, Conn. (Yellin & Basine, Hartford, Conn., on the brief), for appellants.

John B. Pearson, Hartford, Conn. (Bresnerkoff & Pearson, Edwin L. Baum, Hartford, Conn., on the brief), for appellee.

Before FRIENDLY, HAYS and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Nine creditors appeal from a denial by the District Court for the District of Connecticut, M. Joseph Blumenfeld, J., of their petition for review of a referee's order confirming a plan of arrangement under Chapter XI of the Bankruptcy Act. For reasons given below, we affirm.

The district judge found, *inter alia*, the following: The debtor, Graco, Inc., d/b/a Furniture World, on April 20, 1965, filed a petition for arrangement not accompanied by a proposed plan under section 322 of the Act, 11 U.S.C. § 722. A plan of arrangement was filed on May 26, and all creditors were duly sent a copy of this plan and notice of a hearing to consider it to be held on June 16. After the hearing, the referee found the plan to be accepted by the requisite number of creditors under section 362 of the Act, 11 U.S.C. § 762. On June 22, 1965, the debtor filed an application for confirmation of the plan, and several creditors filed objections thereto. While these applications were being considered, the debtor, on July 15, filed an application to modify the plan. The revised plan increased payment to unsecured creditors whose claims exceeded $300 from 27½% to 27¾%, but did not otherwise change the plan. On July 15, an order was entered permitting the debtor to file the modified plan. After a hearing upon notice, the modified plan was found on July 28 to be accepted by the requisite number of creditors. On August 3, at a duly noticed hearing, an application for confirmation was filed, as well as objections to confirmation. The referee found, *inter alia*, that Chapter XI had been complied with, and that the plan was for the best interests of creditors and was feasible. Accordingly, an order was entered confirming the plan.

The district judge held that issues relating to acceptance of the plan by the required number of creditors could not be raised by petitioners, because an order reciting the required acceptance of the plan had been entered more than ten days before the petition to review was filed.

Moreover, issues of fact relating to both the order reciting acceptance and the order of confirmation had to be resolved against petitioners, since the only papers submitted to the district court were the referee's findings of fact and conclusions of law and his summary of the evidence, and the exhibits. The judge held that the evidence thus certified amply supported the facts found and furnished no basis for the claim that the latter were "clearly erroneous"; the judge also held that the referee's conclusions from the facts were justified. In this court, appellants claim that the referee (1) failed to examine officers, directors or stockholders of the debtor; (2) made no independent inquiry as to whether the plan was for the best interests of creditors; (3) confirmed a plan at a time when the majority of the unsecured creditors had indicated they were opposed to it; and (4) abused his discretion in various respects, including failure to allow a requested postponement on July 28, 1965.

As to the first claim, appellants point out that section 336(3) of the Act, 11 U.S. C. § 736(3), states that the referee, at the initial meeting of creditors, "shall examine the debtor or cause him to be examined." An examination of the transcript, which has now been furnished to a reviewing court, indicates the following with regard to this statutory command: By the time of the first official meeting of creditors, an "informal" creditors' committee had been in operation for over three weeks. Appellants' attorney and the secretary of a furniture manufacturers' association, to whom the nine appellants here have given powers of attorney, were both members of that committee; apparently, at least the latter participated in the meetings thereof, and followed his inflexible policy of urging liquidations rather than agreeing to arrangements. On May 3, this informal committee met and "several hours were spent in which there was a long line of questioning of the bankrupt and their officers." Thereafter, a reputable accounting firm prepared financial statements of the debtor. These were "exam-

ined and discussed" on May 24, at another meeting of the informal committee with the debtor and its officers.

The first official meeting of creditors occurred on May 25, before the referee. At that time, the acting counsel for the informal committee reported fully to the court and other creditors on the prior meetings, the questioning of the debtor and its officers and the information thereby acquired. During the May 25 official meeting, the informal committee was made official, and the referee asked if any creditor wished to examine the officers of the bankrupt or the debtor and received a negative response. Immediately thereafter, counsel for appellants nominated as "provisional trustee" the acting counsel of the informal creditors' committee, who had reported on the prior "examination" of the debtor; the informal committee was then made official. The point that the referee had not examined the debtor himself was raised at some of the many further hearings in the proceedings below; counsel for appellants agreed that he had had an opportunity to examine but asserted that it was not his "duty" to do so. At the August 3 hearing on confirmation, the point was again raised by counsel as one of many objections to confirmation; however, counsel did not ask that the examination then be made, although he personally examined an officer of the debtor on other matters at that hearing.

Under these circumstances, we do not feel that reversal is called for. Appellants, through their representatives, participated at the informal and formal meetings and hearings and had an opportunity to examine the debtor. Moreover, the substance of an "informal" examination was reported fully to the referee by an officer of the court. We do not condone the practice of ignoring the formalities envisioned by the statute, see Snedecor, The Importance of Referees' Examinations of the Bankrupt, 36 Ref. J. 45 (1962), but if there is room for a doctrine of waiver, it should apply in this case. There seems little authority on the point, but what there is supports

the proposition that the failure to examine the debtor under oath does not render the proceedings a nullity. Thus, in In re Conway, 121 F.2d 972, 975 (3d Cir.), cert. denied, 314 U.S. 691, 62 S.Ct. 361, 86 L.Ed. 553 (1941), a district court had vacated an order of the referee adjudicating the debtor in a Chapter XI proceeding a bankrupt because the debtor had not been examined under section 336 of the Act. The Court of Appeals for the Third Circuit reversed, and stated as follows:

> We think the debtor is equally mistaken in his conception of the purpose of an examination. * * * It is true that the statute is now mandatory when it used to be permissive. * * * The permissive statute gave the examining official some discretion in refusing or acceding to a request. The change to command removed the referee's discretion. It in no way altered the debtor's duty [to attend creditors' meetings and hearings]. Here again the latter may be said to have waived his right even if he had one. He never requested any examination or made any other attempt to explain his financial affairs to his creditors. He cannot, therefore, be prejudiced by the withholding of a right he never had and, even if he had, clearly waived. By the same token, the failure to examine does not nullify the rejection of the creditors who felt they had all the information they needed and so did not ask for more. [Footnotes omitted.]

The requirement of section 336 is for the benefit of creditors. See 8 Collier, Bankruptcy ¶ 5.22[1] n. 1 (14th ed. 1964). Under the circumstances of this case, we hold only that appellants waived the right they now seek to have enforced. It is, therefore, unnecessary to deal with appellee's arguments addressed to this point.

■■ Appellants next argue that the referee made no independent inquiry as to whether the plan was in the best interests of creditors. Section 366 of the Act, 11 U.S.C. § 766, provides, *inter alia,* that "[t]he court shall confirm an arrangement if satisfied that * * * (2) it is for the best interests of the creditors and is feasible". At the hearing on confirmation, appellants specifically raised the objection that the plan was not in the best interests of the creditors; thereupon the referee overruled the objection and held that the plan did meet the statutory requirement. It is clear that the determination of the referee is not supposed to be a perfunctory one, and the fact that the plan has been accepted by a requisite majority of creditors does not dispense with the need for the referee to exercise his "own independent judgment." See Technical Color and Chem. Works, Inc. v. Two Guys From Massapequa, Inc., 327 F.2d 737, 741 (2d Cir. 1964); 9 Collier, op. cit. supra at 283. The transcript below does not indicate that the finding of the referee was reached upon great reflection. When the matter was raised at the hearing on confirmation, he referred to the information presented to the court at the May 25 hearing, which included some facts as to the debtor's operations, an account of the negotiations with the debtor which led to the 27½% offer, and two informal estimates of "possible liquidating figures," not in proper evidentiary form, which indicated that the 27½ figure was a "worthy" one. These are not impressive underpinnings for an informed, independent judgment. On the other hand, counsel for appellants at no time attempted to introduce contrary evidence, and it is quite clear that the objection was part of a general plan to throw as many obstacles as possible in the path of an arrangement. Moreover, the referee did specifically focus on the question and, on the facts before us, we do not find that the referee failed to fulfill his statutory duty.

■ Appellants also argue that the plan was confirmed at a time when a majority of the unsecured creditors was opposed to it. The referee's findings are to the contrary, and the transcript demonstrates that they are not clearly erroneous. Similarly, it shows that the remaining rulings under attack were not

an abuse of discretion. However, the record does disclose a disquieting atmosphere, compounded of an obstreperous attorney bent on raising every conceivable technical objection, a referee at times exasperated, much confusion as to what had transpired at previous hearings, which a transcript would have obviated, and generally loose procedure, which we hope will not characterize future proceedings.[1] Under all of the circumstances, however, we believe that no reversible error was committed and that appellants' petition was correctly denied. In view of our holding, we need not consider appellee's argument that the lateness of the petition below vis-à-vis the order reciting acceptance of the plan forecloses review of certain of the issues raised here.

Affirmed.

1. See remarks of Referee Daniel R. Cowans on the subject of "Problems of Ethics for Referees and Observing Formalities and Decorum" in Proceedings of the Third Seminar for Referees in Bankruptcy 497 (1966).