In the Matter of STANLEY KARMAN, INC., Bankrupt.

No. 66 B 261.

United States District Court
S. D. New York.

Sept. 7, 1967.

Bernstein & Bernstein, New York City, for debtor.

Samuel B. Ohlbaum, New York City, for objecting creditor.

MOTLEY, District Judge.

### Memorandum Opinion and Order on Petition to Review

Petitioner, Stanley Karman, Inc., was adjudged a bankrupt on December 12, 1966. At that time, the Referee denied confirmation of an amended plan of arrangement submitted by petitioner in a Chapter XI proceeding commenced in a pending involuntary bankruptcy proceeding. 11 U.S.C. §§ 721, 723, 766.

Petitioner seeks a review and reversal of the order of December 12, 1966 which also vacated a stay of the involuntary proceeding (entered upon the request of petitioner) and directed that that proceeding continue. 11 U.S.C. §§ 725, 776. Petitioner also seeks review of an order entered upon the same day denying petitioner's application to reopen the hearing on the objections and confirmation and a stay of adjudication.

The involuntary petition in bankruptcy was filed on April 6, 1966, by Martin Goldstein, Inc., and three other corporations. The involuntary petition was predicated on the fact that petitioner had made an assignment for the benefit of creditors to American Fur Merchants Adjustment Bureau, Inc., which was filed in the office of the clerk of the County of New York, on February 24, 1966. 11 U.S.C. § 21. On April 7, 1966, the alleged bankrupt commenced proceedings for an arrangement under Chapter XI of the Bankruptcy Act pursuant to which a plan was filed on July 29, 1966, and an amended plan on October 17, 1966.

The amended plan was accepted by the requisite majority in number and amount of all creditors affected by the arrangement whose claims had been proved and allowed. Thereafter, pursuant to notice published October 26, 1966, a hearing was held on November 10, 1966 to determine whether the arrangement should be confirmed. This hearing was continued until November 17, 1966, since objections were filed by Martin Goldstein, Inc., on November 7, 1966, objecting to confirmation of the amended plan.

The amended plan provided for payment of administration expenses and allowances in full in cash on confirmation or in accordance with such terms and conditions as might be arranged between the debtor and each administration creditor and each person entitled to such allowance. Priority claims were to be paid in full. The balance of the plan provided as follows:

Unsecured creditors will receive the following: [sic]

a) To pay a sum equal to Thirty seven and one-half (37½%) Per Cent of the indebtedness due to its general unsecured creditors payable in cash Thirty (30) days after confirmation.

b) In addition to the foregoing cash payment, the Debtor will execute an Assignment to the AMERICAN FUR MERCHANTS ASSOCIATION, INC., (hereinafter referred to as the Association) the proceeds the Debtor may be entitled to receive from the UNITED STATES FIDELITY & GUARANTY COMPANY under Policy Number SC108627, covering a loss sustained by the Debtor on January 21, 1966, so that the Association shall receive out of the net proceeds the first sum of $10,000., and an additional sum equal to Fifty (50%) Per Cent of the balance then remaining after the receipt of the aforesaid $10,000 payment. The amount so received by the Association shall be received by them

for and on behalf of the general unsecured creditors of STANLEY KARMAN, INC. and shall be distributed by the Association pro rata amongst the creditors. The Debtor agrees that it will not retain any attorney or firm of attorneys to prosecute its claim under said policy of insurance unless said attorney or firm of attorneys shall first be approved in writing by the Association, and that said attorney or attorneys so engaged will not in any way compromise, settle or adjust the claim without prior written consent of the Association."

On the continued hearing on confirmation and objections, testimony in support of the objections to the confirmation was heard, following which the Referee denied confirmation. At that hearing, petitioner did not offer any proof. The Referee based his refusal to confirm the plan on two grounds: 1) the plan is not in the best interest of creditors; and 2) the proposed amended plan and its acceptance were not in good faith. 11 U.S.C. § 766. The Referee's decision was based upon the following facts established at the hearing and appearing in the record generally.

1) Two assignments of accounts receivable had been made by petitioner to Stuart Trading Corp. which were not perfected as required by the Uniform Commercial Code making these assignments vulnerable to attack by a trustee in bankruptcy or a debtor in possession, 11 U.S.C. § 742, and petitioner, the debtor and debtor in possession apparently proposes to recognize this voidable security interest.

2) An inventory of merchandise which had belonged to Stanley Karman, Inc., the petitioner, had been sold to N.R.P. Corp. after the assignment for the benefit of creditors. N.R.P. Corp. is wholly owned by the uncle of Stanley Karman, the president, a director, and sole stock holder of Stanley Karman, Inc.

3) The inventory of merchandise which had been sold to N.R.P. Corporation netted $20,000. The sale was negotiated at the premises of Stanley Karman, Inc. which had been occupied by N.R.P. Corp. for some time prior to the Referee's decision.

4) The American Fur Merchants Association and Mr. Karman had valued the inventory at a figure in excess of $28,000. Upon the hearing, Mr. Karman stated that the inventory was worth $22,000 or $23,000. However, in a Proof of Loss form filed with an insurance company petitioner had claimed that this inventory was worth $30,000. According to an audit made by Edward Bronsteen & Co., the valuation of merchandise inventory on hand "Per Debtor Valuation" as of February 7, 1966, was $28,547.

5) At the hearing on November 17, 1966, petitioner failed to show facts from which the Referee could make an informed, independent judgment that the arrangement is for the best interest of the creditors.

6) It appeared, during the proceedings, that without seeking the approval of the court the assignee for the benefit of the creditors had dealt with the property assigned to it and the details thereof had not been fully disclosed to the court.

7) An examination of the schedules which had been filed by petitioner found them utterly inadequate to satisfy the requirements of the Bankruptcy Act.

The Referee on the hearing of November 17, 1966 sustained two of the three objections to confirmation which had been specified by Martin Goldstein, Inc. These objections were as follows:

1. The arrangement is not for the best interests of the creditors, in that it provides for the settlement and satisfaction of the unsecured debts of the debtor, except such debts as have priority, by the payment to the holders thereof of thirty-seven and one-half (37½%) per cent of their respective debts in cash plus a share in an insurance claim if, as and when the same is recovered by the debtor, whereas in liquidation of the estate of the debtor, the unsecured creditors

would receive dividends of not less than sixty (60%) per cent of their claims.

2. The arrangement is not feasible and lacks good faith in that the assignment of a share in the proceeds of a claim against United States Fidelity & Guaranty Company is not supported by any security and is not subject to any control by creditors and consequently has no value.

3. The arrangement is not made in good faith in that the debtor while acting as the debtor in possession failed to take any affirmative action (a) to set aside a voidable transfer and sale of assets to a nominee of the debtor of the value of $20,000.00; (b) to set aside a voidable transfer and assignment of accounts receivable to Stuart Trading Company of the value of upwards of $75,00.00; and (c) to recover against United States Fidelity & Guaranty Company the sum of $97,-500.00 for a burglary loss suffered by the debtor.

The 2nd objection was not sustained. The Referee held that the 1st and 3rd grounds of objection were well founded and precluded the entry of an order confirming the plan. The Referee also concluded that the two acceptable objections went to the question whether the arrangement was for the best interest of creditors. These grounds of objection, in addition to the facts set forth above formed the basis for the Referee's decision. The decision was rendered orally on November 17, and subsequently reduced to a formal memorandum decision and order on December 12, 1966.

Petitioner sought to reopen the hearing on the objections and confirmation and a stay of the proceedings in bankruptcy by petition and order to show cause on December 9, 1966. This application was denied on December 12, 1966 on the grounds that it failed to show why the evidence then offered was not offered at the hearing on confirmation. Despite the denial on the stated ground, the Referee proceeded to review

the merits of the proffered evidence and concluded that the same failed to overcome the obstacles to confirmation described in the memorandum decision. As to one item, the Referee concluded that petitioner's proffered evidence to the effect that the inventory purchased by N.R.P. Corp. would yield approximately $15,000 at an auction, in the opinion of a licensed auctioneer, was not sufficient to reverse his prior decision. The Referee ruled, "It is common knowledge that an auction sale will realize substantially less than 'going concern value'". Consequently, the Referee concluded, the sale to N.R.P. for $20,000 was subject to the same attack as indicated by the memorandum decision and there was nothing in the record which tended to explain the unauthorized sale to the N.R.P. Corp. for an inadequate consideration.

■ The Referee properly relied upon two decisions of the Court of Appeals for this Circuit which sustain his right to make an independent determination whether the proposed amended plan was in the best interest of the creditors, despite approval by a majority of the creditors. In the Matter of Graco, Inc. d/b/a/ Furniture World, 364 F.2d 257 (2d Cir. 1966); Technical Color and Chemical Works, Inc. v. Two Guys From Massapequa, Inc., 327 F.2d 737 (2d Cir. 1964). The Referee also recognized his duty to determine whether the amended plan met the requirements of the Bankruptcy Act. 11 U.S.C. § 766.

■ In the cases relied upon by the Referee, the Court of Appeals made plain the duty of the Referee and this court to make an independent judgment as to whether the plan is in the best interest of the creditors. This court agrees with the Referee's conclusion that the plan is not in the best interest of creditors, and that confirmation must be denied because of the objections numbered 1 and 3. 11 U.S.C. § 32.

The statute cited and relied on by the Referee provides that the Referee and this court shall confirm an arrangement if it is satisfied that the plan is for

the best interest of the creditors. The statute further provides that the proposed amended plan shall be confirmed if its proposal and acceptance are in good faith and have not been made or procured by any means, promises or acts forbidden by the Bankruptcy Act.

The Bankruptcy Act, 11 U.S.C. § 32, precludes the discharge of a bankrupt which in this case would follow confirmation, 11 U.S.C. § 771, if the court is satisfied that the bankrupt has " * * * (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property with intent to hinder, delay, or defraud his creditors; or * * * (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities; * * * *Provided,* That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The petitioner's good faith in proposing the plan had been put in question by the objections, but petitioner has failed to meet the burden cast upon him by the statute.

The Referee's decision, therefore, rests upon the settled law in this Circuit and the Bankruptcy Act. Such a foundation precludes a determination here that the Referee's judgment denying confirmation was arbitrary or contrary to law and ought to be reversed. The Referee's judgment was clearly based upon enumerated factors from which he could conclude that the amended plan was not in the best interest of creditors, was not proposed or accepted in good faith and did not meet the requirements of the statute.

However, the Referee's order adjudicating petitioner a bankrupt must be modified. The Bankruptcy Act provides that when confirmation of an arrangement is refused, the court shall enter an order in a Section 321 proceeding dismissing the Chapter XI proceeding and directing that the bankruptcy proceeding be proceeded with pursuant to the Bankruptcy Act. 11 U.S.C. § 776. Here, the bankruptcy action had been stayed by the Referee. This stay of the adjudication and administration of the estate of petitioner was vacated on December 12, 1966, and a direction to proceed therewith entered.

The order which the Referee entered should be modified to provide that the Chapter XI proceeding is dismissed, and directing that the bankruptcy be proceeded with pursuant to the provisions of the Bankruptcy Act. Title 11 U.S.C. § 776. The order adjudicating petitioner a bankrupt should be entered in the pending involuntary proceeding.

The order of December 12, 1966, entered by the Referee following the hearing on the confirmation of the proposed amended plan and objections thereto is therefore modified to read as follows:

It is now Ordered, Adjudged, and Decreed:

1) Confirmation of the proposed amended plan of October 17, 1966 is denied.

2) Objections to confirmation numbered 1 and 3 are sustained.

3) The stay of adjudication and administration previously entered in the pending bankruptcy proceeding is vacated.

4) The pending involuntary bankruptcy proceeding shall be proceeded with in accordance with the provisions of Chapters I–VII of the Bankruptcy Act.

5) An order will be entered in the pending bankruptcy proceeding adjudging Stanley Karman, Inc., a bankrupt in accordance with the provisions of Chapters I–VII of the Bankruptcy Act.

As so modified, the Referee's order of December 12, 1966 is affirmed.

The court has reviewed the petitioner's application to reopen the hearing on confirmation and objections and for a stay of adjudication and affirms the order of December 12, 1966, denying that application.